WENTWORTH, Judge.
The appellant Division of Retirement seeks review of a July 23,1987 declaratory statement entered by the State Retirement Commission, by which it declared that Thomas Lovett and James Fletcher, county extension agents and faculty members of the University of Florida, are eligible to participate in the Optional Retirement Program based on their entire salaries, whether paid by the county or the university. Appellant contends (1) the appellee university did not have standing to petition for a declaratory statement in this case; (2) that the Commission did not afford appellant a fair and equitable hearing; and (3) that the decision of the Commission was not in accordance with existing statutes, rules or regulations. We affirm.
Thomas Lovett and James Fletcher, employed by Suwanee and Madison counties, respectively, as extension agents, and by the University of Florida as faculty members, in 1984 elected to participate in the Optional Retirement Program (ORP), an alternate state retirement system for university and Board of Regent employees. Under section 121.35(2), Florida Statutes, eligibility for ORP is determined by the following criteria:
*379 1) eligibility for membership in the Florida Retirement System;
2) employment or appointment on a full-time basis for no less than one academic year at 1.0 full-time equivalent units; and
3) employment in one of the following positions:
a) instructional and research faculty positions exempt from career service;
b) administrative and professional positions exempt from career service; and
c) the chancellor and university presidents.
Under section 121.35(2)(a), an employer for ORP purposes is:
the individual institution with the State University System or the Board of Regents, whichever is appropriate with respect to the particular employee or appointee.
By letters of December 11, 1985, the State Retirement Director of the Division of Retirement notified Lovett and Fletcher that they were ineligible to participate in ORP because they were employed by both the counties and the university.
Lovett and Fletcher appealed the State Retirement Director’s decision to the State Retirement Commission. Their cases were consolidated. Following a hearing, the Commission entered a final order on March 6, 1987 finding that Lovett and Fletcher are (1) jointly employed by Suwanee and Madison counties, respectively, and by the University of Florida; (2) employed by the university for no less than one academic year at 1.0 full-time equivalent; (3) employed in positions classified as instructional and research faculty; and (4) otherwise eligible for participation in the Florida Retirement System. The Commission therefore found that Lovett and Fletcher met the requirements of section 121.35 and were eligible for participation in ORP.
The Division of Retirement on March 25, 1987 notified Lovett and Fletcher that under the Commission’s ruling they were entitled either to (1) remain members of the Florida Retirement System, or (2) reenroll in the ORP retroactive to July 6, 1984 with any retirement contributions from their county employers to be removed from their retirement accounts. The Division advised Lovett and Fletcher that contributions made on their behalf toward the purchase of an annuity would only be made on that portion of their salaries paid by the university, and not on the portion of their salaries paid by the counties, based on the section 121.35(2)(b) definition of employer.
The appellee university on May 1, 1987 filed a petition for declaratory statement seeking from the Commission an interpretation of the Commission’s March 6, 1987 order with regard to its enrollment and contribution obligations in view of the Division of Retirement’s March 25, 1987 letters to Lovett and Fletcher. The university alleged that it had a substantial interest in the determination of the county extension agents’ eligibility to participate in ORP in that it advises such university employees as to their rights to elect the program, and makes contributions to the Division of Retirement on behalf of those who choose to participate in ORP.
The appellant Division of Retirement of the State Department of Administration filed a petition to intervene in the case, and motions to dismiss, continue and remand. The Commission permitted appellant to intervene in the ease. Following a hearing, the Commission issued a declaratory statement on July 23, 1987 denying appellant’s motions to dismiss, continue and remand, and determining that Lovett and Fletcher are eligible to participate in the ORP based upon the entire amount of their salaries, whether paid by the university or by the county.
Section 120.565, Florida Statutes, provides:
A declaratory statement shall set out the agency’s opinion as to the applicability of a specified statutory provision or of any rule or order of the agency as it applies to the petitioner in his particular set of circumstances.
Implementing Rule 28-4.005 states that the “potential impact upon petitioner’s interests must be alleged in order for petitioner *380 to show the existence of a controversy, question or doubt.” In this case, appellee alleged that it had a substantial interest in the case because it has a duty to inform eligible employees about ORP and to supply them with the forms necessary for enrollment, and to make appropriate contributions to the Division of Retirement on behalf of its employees who elect to participate in ORP.
Appellee filed the petition on behalf of itself, not its employees. The allegations of substantial interest were sufficient to show that the order had an impact upon it as an entity. See Florida Optometric Association, Inc. v. Department of Professional Regulation, 399 So.2d 6 (Fla. 1st DCA 1981). Because county extension agents are, under section 240.505(3), Florida Statutes, staff members of the university, appellee asserted a legal interest in showing that as the employer of the agents, it had a statutory duty under section 121.35 to enroll them in ORP and to make contributions on their behalf. Because appellee filed the petition on behalf of itself, there was no need for it to demonstrate that a substantial number of its employees were substantially affected by the order. Appellant asserts that there is no dispute regarding the amount of contributions appellee must make on behalf of extension agent employees because appellee would pay the same amount regardless of whether contributions were due on both the county and university salaries, or on the university salary alone. This assertion ignores the third option presented in appellant’s March 25, 1987 letter to Fletcher and Lovett advising the agents that if they were successful in arranging with their employers to have their entire salary paid by state warrant through the university, they then would receive contributions as participants in the ORP based on their full salaries. Appellant asserts that the subject matter of the action was not within the general scope of the university’s interest and activity. Appellee alleged that it had a duty to advise and enroll its employees in ORP, and to make appropriate contributions on its employees’ behalf to the program. We conclude, therefore, that the extent of county extension agent employees’ eligibility to participate in ORP was a matter within the university’s scope of interest and activity.
With respect to the fair hearing issue, supra, section 120.565, Florida Statutes, requires only that “[t]he agency shall give notice of each petition and its disposition in the Florida Administrative Weekly.” Florida Administrative Code Rule 28-4.007 states that “[t]he Agency may, at its discretion, hold a hearing to dispose of a petition submitted pursuant to Section 120.565, F.S. If a hearing is held, it shall be conducted pursuant to Section 120.57 on an expedited basis, or as otherwise agreed upon by the Agency and the parties.”
Appellant was given notice of the petition and the hearing, and does not allege that the notice violated any specific applicable statutory provisions or rules. Section 120.57(2)(a) states only that the agency shall, “in accordance with its rules of procedure: 1. Give reasonable notice to affected persons or parties_” Appellant was not a party to the proceeding, but was granted intervenor status. As an in-tervenor, appellant would have been entitled to file an answer within twenty days of the service of the petition, Florida Administrative Code Rule 28-5.203, if the proceeding involved disputed issues of material fact. The Commission found that the declaratory statement proceeding did not involve new disputed issues of material fact, other than the issue of the university’s standing to request declaratory statement. That finding is supportable, given that the issue before the Commission was a question of law as to whether the county extension agents were entitled to participate in ORP on the basis of their total salaries.
Appellant argues that the Commission had no original jurisdiction over the subject matter of the petition for declaratory statement, and the petition should have been submitted to it rather than the Commission because the petition requested an interpretation of a substantive provision of Chapter 121. Section 121.23, Florida Statutes, providing for the powers and duties *381 of the Retirement Commission, specifically relates to “applications for eligibility for the State University System optional retirement program as provided in s. 121.35.” Section 120.565 provides that “[a] declaratory statement shall set out the agency’s opinion as to the applicability of a specified statutory provision or of any rule or order of the agency as it applies to the petitioner in his particular set of circumstances only.” The Commission did have jurisdiction to entertain appellee’s petition on two grounds: (1) the petition requested the Commission to interpret its prior order as to the issue of the employers’ contributions to ORP, and (2) the issue of the employers’ contributions to ORP was directly related to the issue of the extent to which the agents were eligible to participate in ORP.
Appellant also argues that the Commission’s order is unenforceable in that it cannot order the nonparty counties to contribute to ORP. The order does not direct that the counties contribute to ORP, but rather states only that Lovett and Fletcher are eligible for participation in ORP, and to the extent that their eligibility “conflicts with the contribution and ministerial provisions of section 121.35(4), the Commission must resolve the conflict to allow the employees the benefit of the ORP program.” The order therefore does not resolve, and we do not consider in this proceeding, the means by which the appellee university may effect the necessary contributions.
The order held only that Fletcher and Lovett could not be denied full participation in ORP because of the employer contribution provisions of Chapter 121, and that the Commission must resolve the conflict to allow the agents the benefit of the program. The Commission found that the Division’s objection to the agents’ full participation in ORP rested on how the agents’ salaries were paid, rather than on the source of the salaries, or the employers’ identities, as demonstrated by the Division’s advice to the agents that if they could arrange to have their entire salary paid through the university, they could participate in ORP based on their entire salary. The order directs only that the agents are eligible to participate in the program based upon the entire amount of their salaries, whether paid by the university or by the county. We conclude therefore that nothing in the decretal portion of the order violates the provisions of sections 121.-35(4)(a) and (b), and (2)(b) regarding employer contributions.
AFFIRMED.
ERVIN and BOOTH, JJ., concur.