FRANK, Judge.
Christopher Kingsley, a former firefighter for the City of Clearwater, appeals from a decision by the Department of Insurance terminating payments under a supplemental compensation program. We reverse.
Kingsley qualified for supplemental compensation under section 633.382, Florida Statutes (1987), which provides as follows:
(2)(a) In addition to the compensation now paid by an employing agency to any firefighter, every firefighter shall be paid supplemental compensation by the employing agency when such firefighter has complied with any one of the following criteria:
1. Any firefighter who receives an associate degree from a college ... shall be additionally compensated....
2. Any firefighter, ■ regardless of whether or not he earned an associate degree earlier, who receives from an accredited college or university a bachelor’s degree, ... shall receive compensation as outlined in paragraph (3)(b).
During his tenure as a firefighter Kingsley completed requirements for an associate degree from St. Petersburg Junior College; three years later he received a bachelor’s degree from Eckerd College. On each occasion he became eligible for and received enhanced pay through a state program of supplemental compensation.
In 1986 Kingsley suffered injuries in an employment related activity, and in July of 1986, after a hearing, he was declared entitled to disability benefits. The City of Clearwater simultaneously found him ineligible for supplemental compensation benefits, as of July 2, 1986. The State Fire Marshal voided Kingsley’s firefighter certification and terminated his supplemental compensation benefits as of that date. Kingsley, however, had elected a retirement option offered by the City under which he extended his termination of employment date by the amount of his accrued vacation, holiday, and applicable sick leave benefits. Thus, his actual termination of employment was extended to October 8, 1987.
*605 Kingsley has asserted both here and before the administrative hearing officer, that the extension of his termination date operated to extend his eligibility for supplemental compensation benefits. Rule 4A-37.078(6), Florida Administrative Code, entitled Cessation of Supplemental Compensation, states:
Effective date of ineligibility shall be that date on which the firefighter ceases to receive compensation from the employing agency for performing the duties of a full-time firefighter.
After a formal hearing before the Department of Administrative Hearings, the hearing officer found that between July 2, 1986 and October 8, 1987, Kingsley occupied the status of an employee on vacation or sick leave — he was on leave with pay. During the extended period Kingsley received a pay check, minus the appropriate deductions, on the same schedule as other City of Clearwater employees. Thus, although Kingsley was no longer performing the duties of a firefighter, he was receiving compensation. Basing her determination on the plain language of Rule 4A-37.078(6), the hearing officer determined that Kings-ley was eligible to receive supplemental benefits until October 8, 1987.
The Department of Insurance, however, rejected the hearing officer’s recommendation, bottoming its decision on the same facts considered by the hearing officer but interpreting the intent and purpose of the supplemental compensation program to provide an additional benefit solely for present performance of firefighting duties. Thus, the Department denied Kingsley’s request to extend his supplemental compensation benefit to October 8, 1987. Kingsley appealed.
We reverse the Department’s order. It erred in delving beneath the obvious language of the rule to unearth evidence of “intent” and “purpose” when there simply was no necessity to do so. It is axiomatic that agencies, as .well as courts, are charged with the duty to accord clear and unambiguous enactments their plain meaning. Holly v. Auld, 450 So.2d 217 (Fla.1984); Englewood Water District v. Tate, 334 So.2d 626 (Fla. 2d DCA 1976). A construction of a rule that is contrary to its clear language can not stand. See Kearse v. Department of Health and Rehabilitative Services, 474 So.2d 819 (Fla. 1st DCA 1985). In our opinion, the Department misconstrues Rule 4A-37.078(6). Accordingly, we remand this matter to the Department for the reinstatement of supplemental compensation benefits to Kingsley for the period of July 2,1986 through August 21,1987.
REVERSED AND REMANDED.
CAMPBELL, C.J., and SCHEB, J., concur.