PARKER, Judge.
The Board of Trustees for Hillsborough Community College (the College) files this administrative appeal from a decision of the Public Employees Relations Commission (the Commission) affirming an award by the hearing officer of attorneys’ fees to the appellee, Hillsborough Community College Chapter of the Faculty United Service Association (FUSA). Because we conclude that in seeking the attorney’s fees FUSA did not comply with the specific requirements of Florida Administrative Code Rule 38D-14.004, we reverse the Commission’s order awarding fees.
This controversy was commenced when FUSA filed an unfair labor-practice charge with the Commission, alleging that the College violated section 447.501(l)(a) and (c), Florida Statutes (1987), by refusing to bar *1103 gain with FUSA over its decision to lengthen the summer school term, refusing to bargain with FUSA over the impact of that decision, and directly bargaining with unit employees. The charge contained no statement indicating that FUSA was seeking attorney’s fees and costs in the action.
The Commission appointed a hearing officer, who directed the parties to file pre-hearing statements to identify, among other things, any and all legal questions to be resolved and any outstanding motions or procedural questions. Both parties filed timely statements, which made no reference to attorney’s fees as an issue to be resolved at the hearing.
The hearing officer conducted an eviden-tiary hearing, and based on the record testimony, he concluded that the College violated the act by refusing to negotiate over the impact of its decision to alter the 1988 summer school term and discussing the new summer school schedule directly with unit employees.. The hearing officer made no recommendation, to award attorney’s fees. FUSA filed exceptions to the hearing officer’s decision, which did not award attorney’s fees, claiming it had asked for those fees in an off-the-record discussion before the hearing commenced. The Commission directed the College to respond to FUSA’s motion, which the College did. The Commission then remanded the case to the hearing officer to determine if FUSA had made an off-the-record verbal request for attorney’s fees; if so, whether that demand was sufficient under Florida Administrative Code Rule 38-D-14.004(l), and whether an award of attorney’s fees and costs was appropriate under the circumstances of this case and rule 38D-14-004(2).
By agreement, the parties filed a joint motion to supplement the record containing the parties’ individual recollections of any off-the-record discussions concerning a request for fees and costs by FUSA. The purpose of this joint motion was to assist the hearing officer in making a factual determination regarding whether FUSA indeed made such an informal fees request as it maintains.
As stated in the motion, FUSA’s counsel recalled that during the hearing, he responded affirmatively when the hearing officer asked if FUSA was seeking attorney’s fees as part of its remedy. FUSA’s counsel had no further specific recollection of a discussion on that issue, and neither the trahscript nor the reporter’s audio tape contains a discussion of the attorney’s fee issue. A representative and witness for FUSA recalled an exchange at the hearing where attorney’s fees were addressed briefly as a matter of routine. Counsel for the College had no recollection of whether an exchange regarding fees did or did not occur at the hearing. He acknowledged, however, that in the settlement discussion immediately preceding the hearing, FUSA made -a specific demand for fees outside the presence of the hearing officer. Co-counsel for the College likewise could not recall a discussion at the hearing concerning fees.
The hearing officer thereafter issued a supplemental recommended order which found that at a prehearing conference immediately prior to the evidentiary hearing, he outlined on a yellow legal pad two legal issues that were to be decided in this case; one of which was “whether FUSA should be awarded fees.” He further found that at some point in the conference he read the issues to the parties, who agreed to those as the issues to be decided and that he confirmed this by placing the word “OK” in the margin of the notes he made. However, the officer did not place any of this discussion on the record. The hearing officer also made a finding that during the course of settlement discussions before the evidentiary hearing, counsel for FUSA proposed that the College pay FUSA a specific attorney’s fee amount as part of a settlement offer.
Based on this recollection, the hearing officer concluded that FUSA’s prehearing, verbal, off-the-record request for attorney’s fees satisfied the requirements of rule 38D-14.004(1) and awarded FUSA attorney's fees and costs. The Commission adopted the findings and analysis of the hearing officer as conclusive and supported *1104 by the competent, substantial evidence. The Commission concluded that the intent of rule 38D-14.004(1) was fulfilled since the hearing officer specifically noted that the parties discussed the attorney’s fees issue during the prehearing conference, thereby placing the parties on notice that fees were at issue. The Commission also concluded that the College was not prevented from introducing evidence on this issue and did not indicate in its pleadings that it would have presented its case differently had the motion been made on the record.
This case is governed by chapter 38D of the Florida Administrative Code. While the Code contemplates oral, as well as, written motions, oral motions must be made during a hearing; otherwise, all motions must be in writing. Fla.Admin. Code Rule 38D-13.006.[1] In this case, because the hearing officer found that the oral request for fees was made prior to the hearing, the above rule would require the request to be in writing. A plain reading of the specific rule governing attorney’s fees also appears to require that a motion for attorney’s fees be made in writing. That rule provides:
38D-14.004 Attorney’s Fees, Expert Witness Fees, and Costs of Litigation.
(1) A motion for attorney’s fees, expert witness fees, or costs of litigation in an unfair labor practice proceeding may be filed with the Commission or hearing officer by any party prior to the close of the evidentiary hearing in a Section 120.-57(1), F.S. proceeding_ All evidence supporting or detracting from the claim that attorney’s fees or costs should or should not be awarded shall be presented at the hearing in a Section 120.57(1), F.S. proceeding_ The evidence should address the threshold question of whether fees should be awarded to any party and need not specify the amount of fees claimed.
(2) The Hearing Officer’s Recommended Order shall include a recommendation as to whether fees and costs should be awarded when a timely request for fees or costs has been made.
The language above indicating that a motion for fees may be “filed with the Commission or the hearing officer” presupposes the submission of a written document. See Fla.Admin.Code Rule 38D-13.003(1).[2] Therefore, applying either the general rule on motions or the specific rule pertaining to motions for attorney’s fees FUSA was required to submit its request for fees in writing, which admittedly it did not do. Rule 38D-14.004 demands further that the motion for fees be made before the close of the evidentiary hearing. The decisions of the Commission consistently adhere to that requirement which was added by an amendment on June 24, 1983, to the rule (formerly 38D-14.04[3]). See, e.g., Curry v. Jackson County Bd. of County Comm ’rs, 12 F.P.E.R. Para. 17280 (1986); Cheshire v. Gadsden Memorial Hospital, 11 F.P.E.R. Para. 16157 (1985).
*1105 In Curry and Cheshire, the Commission explained the rationale behind the amendment to the rule to require that the request for attorney’s fees be made prior to the close of the evidentiary hearing rather than within fifteen days afterward as stated in the rule’s earlier version. According to the Commission, the purpose of the amendment was to provide the opposing party to the motion an opportunity to prepare to argue and present evidence against the same and to furnish the hearing officer with early notice of the attorney’s fee issue, which can be explored at the hearing.
While the Commission in Curry points out that in the single case of City of Lake Worth v. Palm Beach PBA, 7 F.P.E.R. Para. 12069 (1981), aff'd, 413 So.2d 465 (Fla. 4th DCA 1982), the Commission considered a late-filed motion for attorney’s fees (filed fifteen days after the conclusion of the hearing), that case was decided under the pre-amendment version of the rule and on that basis is distinguishable. Under the earlier rule applicable in City of Lake Worth, but not applicable in this case, the Commission could award attorney’s fees even absent a motion if it found a fees award to be appropriate. That discretion by the Commission to award fees has been removed from the current rule.
It is well established that clear and unambiguous enactments such as the rules at issue must be accorded their plain meaning. Kingsley v. Dep’t of Insurance and Treasurer, Office of State Fire Marshal, 535 So.2d 604 (Fla. 2d DCA 1988). The rules being interpreted in this case are clear and unambiguous in requiring the filing of a written motion for attorney’s fees before the conclusion of the hearing, and as previously established the Commission’s previous rulings are consistent with that interpretation.
The hearing officer in this instance found that a request for fees was made verbally at a prehearing conference, which determination the agency found to be based upon competent, substantial evidence. While we defer to that finding in the absence of contrary record evidence, we conclude that such an oral request for fees had to be made at the hearing, see Fla.Admin.Code Rule 38D-13.006(1), or in writing prior to the close of the hearing. See Fla.Admin. Code Rules 38D-13.006(2) and 38D-14.-004(1). FUSA did not make any written request for fees either in the charging document or in the prehearing statements outlining the issues to be determined at the hearing. The first written demand for fees by FUSA occurred post-hearing when FUSA filed exceptions to the hearing officer’s decision not to award fees in its initial recommended order. Because we conclude that FUSA failed to comply with the rules of the Commission, with respect to a demand for attorney’s fees, FUSA is precluded from recovering said fees as the prevailing party in this controversy.[4]
We reverse the order of the Commission granting attorney’s fees to FUSA and remand the ease to the Commission to strike the fee award.
CAMPBELL, C.J., and RYDER, J., concur.

. 38D-13.006 Motions.
(1) Written motions and responses thereto may be filed with the Commission pursuant to Rule 38D-13.003. Oral motions may be made during a hearing and rulings thereon shall be made on the record.
(2) With the exception of oral motions made at a hearing, all motions shall be in writing, shall specifically state the relief sought and grounds therefore, and where appropriate shall be accompanied by legal memoranda or affidavits.

. 38D-13.003 Filing and Copies.
(1) The term "Filed with the Commission” means actual receipt by the Office of the Clerk of a document complying with the requirements of subsection (2). All documents, whether intended for the Commission, Chairman, General Counsel, hearing officer or other designated agent, are to be filed with the Commission. Submission of any document to a hearing officer shall not itself constitute filing with the Commission.

.The earlier version of present rule 38D-14.004 (then 38D-14.04) read as follows:
(1) A motion for attorney’s fees, expert witness fees, or costs of litigation in an unfair labor practice proceeding may be filed with the Commission by any party not later than fifteen (15) days after the close of the hear-ing_ The Commission may award reasonable attorney's fees, expert witness fees, or costs of litigation to the prevailing party even in the absence of a motion for same, whenever it determines such an award to be appropriate.

. FUSA cites as supplemental authority this court's decision in Millard v. Brannan, 553 So.2d 1248 (Fla. 2d DCA 1989). In Millard, we held that attorney’s fees provided by contract were required to be pled or proved before the entry of a final judgment or order. We recognized in Millard, however, that in our prior decision in Barnes Surgical Specialties, Inc. v. Bradshaw, 549 So.2d 1189 (Fla. 2d DCA 1989), we stated that failure to raise statutory fees did not foreclose a post-judgment request for such fees. Although the entitlement to fees in this case is statutory, see § 447.503(6)(c), Fla.Stat. (1987), not contractual, Millard and the authorities cited therein are not applicable to the administrative claim in this case. FUSA’s present claim against the College is controlled by the plain reading of the specific rules of the agency (the Commission) as contained in the Florida Administrative Code and as applied by the Commission in its prior decisions. See Curry; Cheshire.