WOLF, Judge.
Priscilla Williams appeals from a final order of the Department of Management Services, Division of Retirement (department)', finding that certain payments received by appellant from Gadsden County do not constitute “compensation,” pursuant to section 121.02(22), Florida Statutes, and are therefore not to be included in her “average final compensation” for the purpose of computation of retirement benefits under chapter 121, Florida Statutes. • Appellant raises 13 issues on appeal, but all these issues concern whether payments received by petitioner for furnishing typewritten transcripts of criminal and grand jury proceedings upon order of the presiding judge, or at the request of the state attorney or public defender, constitute compensation for purposes of computing retirement benefits under chapter 121, Florida Statutes. We affirm the decision of the department.
*318 On March 14, 1991, appellee, Department of Management Services, Division of Retirement (department), issued a letter advising appellant, a former court reporter for Gadsden County, that fee payments for transcripts and depositions do not constitute compensation for the purpose of calculating retirement benefits. The department notified appellant that the letter constituted final agency action, and appellant timely petitioned for a formal administrative hearing.
Prior to presenting the dispute to a hearing officer from the Division of Administrative Hearings, the parties stipulated to the following facts:
1. From January 1978 through February 1990, Petitioner was the Official Court Reporter in the Second Judicial Circuit of Florida for the Circuit and County Courts of Gadsden County, Florida.
2. During the time Petitioner served as an Official Court Reporter she was furnished office space, furnishings, equipment, telephone, parking permit and insurance by Gadsden County as a salaried employee. Exhibit 1[1] attached hereto is a copy of Petitioner’s FRS-M10 on file with both the Board of County Commissioners of Gadsden County and the State Division of Retirement; Exhibit 2 attached hereto is a copy of Petitioner’s FRS-M10 on file with the State Division of Retirement and the State Court Administrator’s Office; Exhibit 3 attached hereto is a copy of Petitioner’s Loyalty Oath as an employee of Board of County Commissioners of Gadsden County, Florida, filed with the Board of County Commissioners of Gadsden County’ Exhibit 4 attached hereto is a copy of Petitioner’s Loyalty Oath [sic] an employee of the State of Florida, Second Judicial Circuit, filed with the State Court Administrator’s Office; Exhibit 5 attached hereto is a copy of Petitioner’s Form FR-11 certified by the Board of County Commissioners of Gadsden County, Florida, and filed with the Division of Retirement; Exhibit 6 attached hereto is a copy of Petitioner’s Form FR-11 certified by the Chief Judge of the Second Judicial Circuit and filed with the Florida Division of Retirement.
3. During the time Petitioner served as Official Court Reporter, she received payments pursuant to Chapter 29 from both the State of Florida and Gadsden County from salary accounts as reflected in her W-2’s from both Gadsden County and State.
4. The Respondent calculated Petitioner’s retirement benefits based on the payments Petitioner received from Gadsden County as Official Court Reporter as reflected in Gadsden County’s W-2’s, and based on payments she received from the State of Florida as Official Court Reporter reflected in State of Florida W-2’s.
5. During the time Petitioner served as Official Court Reporter, she received payments from Gadsden County reflected by 1099’s for services enumerated in Chapter 29 personally rendered by her as Official Court Reporter pursuant to that Chapter, but those payments were not included in the calculation of her retirement benefits by the Division of Retirement.
6. The payments Petitioner received from Gadsden County reflected by such 1099’s, which were not included by the Division of Retirement in the calculation of her retirement benefits, are enumerated on pages 4-8 of her Amended Petition [the disputed payments for transcription].
7. The State and County Officers and Employees Retirement System is one of a number of retirement systems that was succeeded by the Florida Retirement System in December 1970, and has been administered by the Division of Retirement since the creation of the Division in 1969. In administering both systems the Division has in- *319 eluded as either “salary” or “compensation” for retirement purposes in either system, fees set by statute only where such fees have been the sole source of the “salary” or “compensation” of the officer or employee during any given period of time.
The parties chose to rely on the stipulated facts and attachments, and made no further presentation to the hearing officer. In pertinent part, the hearing officer adopted the stipulated facts within his recommended order, but made additional findings within the recommended order which were rejected by the department within the final order. Each of these findings is related to appellant holding a regular position with Gadsden County as well as the state. The department rejected these findings because it felt that they actually were erroneous conclusions of law.
The department also rejected four additional findings of fact submitted by appellant. These proposed findings all concerned the exhibits attached to the prehearing stipulation and the fact that the exhibits reflected that appellant was an employee of Gadsden County as well as the State of Florida. The department rejected the proposed findings, stating that “they are conclusions of law and were not contained within the prehearing stipulation, and are therefore, not based upon competent substantial evidence.” In addition, the agency made additional factual findings beyond those which essentially stated that appellant was an employee of the judicial branch, and the supplemental salary paid to her by the county required paperwork identifying her as a county employee for payroll purposes only.
In addition, the hearing officer made a number of conclusions of law which in pertinent part stated as follows:
2. Petitioner bears the burden of proving her entitlement to the increased retirements benefits by the preponderance of the evidence. Wilson v. Department of Administration, Division of Retirement, 538 So.2d 139, 142 (Fla. 4th DCA 1989).
3. As noted in the findings, petitioner received a salary and fees under three statutes during her tenure as official court reporter. She was paid an annual salary pursuant to Section 29.04, Florida Statutes, she received “compensation for services” in the form of “fees” under Section 29.03, Florida Statutes, for attending each civil and criminal proceeding and for transcribing criminal proceedings, and she was paid certain “fees” under Section 29.05, Florida Statutes, for preparing transcripts in criminal eases upon the request of the presiding judge, state attorney or defendant. It is the fees for transcription of criminal proceedings that are in issue here. In this regard, the parties have cited no agency final order or appellate decision which deals squarely with this issue. To resolve this issue, it is necessary to analyze Subsection 121.021(22), Florida Statutes (1991), which defines compensation for retirement purposes, and various Division rules which affect retirement benefits. In doing so, the undersigned recognizes the general principle that pension laws, including those contained in chapter 121, should be liberally construed in favor of the participant. City of West Palm Beach v. Holaday, 234 So.2d 24, 26 (Fla. 4th DCA 1970).
4.Under Subsection 121.021(24), Florida Statutes (1991), an employee retired from a regularly established position with state or local government is entitled to have his or her retirement benefits calculated using “the average annual compensation of the five best years of credible service prior to retirement, termination, or death.” In this regard, a regularly established position with local government (county) is defined in Rule 22B-6.001(49), Florida Administrative Code [chapter 22B has been transferred to chapter 60S of the Florida Administrative Code], as “an employment position which will be in existence for a period beyond 6 consecutive months.” At the same time, Rule 22B-1.004(4)(b)l., Florida Administrative Code, provides in part that “a member filling a regularly established position who performs additional duties for the same employer is consid *320 ered to be filling a regularly established position for the total employment.” It is also noted that under Rule 22B-6.001(6)(b)l., Florida Administrative Code, “compensation paid to professional persons for special or particular services” is excluded from the calculation of average compensation. This exclusion is also found in Rule 22B-6.001(16)(b), Florida Administrative Code.
The term compensation is defined in relevant part in Subsection 121.021(22), Florida Statutes (1991) as follows:
(22) ‘Compensation’ means the monthly salary paid a member, including overtime payments paid from a salary fund, as reported by the employer on the wage and tax statement (Internal Revenue Service form W-2) or any similar form. When a member’s compensation is derived from fees set by statute, compensation shall be the total cash remuneration received from such fees. Under no circumstances shall compensation include fees paid professional persons for special or particular services. Finally, Rule 22B-6.001(6), Florida Administrative Code, defines compensation to mean the total gross monthly salary paid a member including, among other things, “cash remuneration received for fees set by statute.”
5. To support her position, petitioner generally contends that all remuneration received under chapter 29 qualifies as compensation within the meaning of subsection 121.021(22) since it was either salary or fees set by statute. She also argues that in defining compensation as fees and salary, the ' legislature did not intend that if one of the two forms of compensation was used to calculate retirement benefits, the other would be excluded. Finally, she points out that the preparation of transcripts was an additional duty performed by her while filling a regularly established County position, and under rule 22B-1.004(4)(b)l., those fees should be considered a part of her overall compensation. In brief, the Division responds that the fees received by petitioner from the County fail to qualify as compensation under subsection 121.021(22) for several reasons. First, the fees were reported on a form 1099 and not on a W-2, second, petitioner was a full-time employee of the state and thus did not fill a regularly established position of the county, third petitioner is a “professional person” who was paid fees for special or particular services, and fourth, the statute itself provides that either fees and salary may be used to compute average annual compensation for retirement purposes, but not both.
[[Image here]]
This language [in section 121.021(22), Florida Statutes] is plain and unambiguous. It provides that compensation includes both “the monthly salary paid a member, including overtime payments paid from a salary fund” and “fees set by statute.” In the same manner, compensation is defined in rule 22B-6.001(16)(1)56. to include not only salary but also “cash remuneration received for fees set by statute.” Under both the statute and rule, the types of compensation are not exclusive of one another. Where the language of the statute is clear and unambiguous and conveys a clear and definite meaning, as it is and does here, there is no occasion for resorting to the rules of statutory interpretation and construction. The statute must be given its plain and obvious meaning. Holly v. Auld, 450 So.2d 217, 219 (Fla.1984). Thus, salary and fees received by petitioner while performing her duties as official court reporter should have been used in calculating her retirement benefits. By “delving beneath the obvious language of the (statute) to unearth evidence of ‘intent’ and ‘purpose’ when there was no necessity to do so”, and construing the statute to mean that salary or fees could be used to calculate the benefits, but not both, the Division was in error. Kingsley v. Department of Insurance and Treasurer, 535 So.2d 604, 605 (Fla. 2nd DCA 1988). Because the statute clearly contemplates that both salary and fees *321 should be used in calculating retirement benefits, petitioner’s amended petition should be granted.
7. In reaching the above conclusion, the undersigned has considered respondent’s contention that because the fees were not reported on a W-2 form, they cannot be treated as compensation under subsection 121.021(22). This contention is rejected because the statute merely requires that salary or fees be reported on “Internal Revenue Service Form W-2 or similar form” Since the statute does not limit the reporting form to a W-2, and a form 1099 is a “similar form” for reporting income to the IRS, remuneration reported on a form 1099 may qualify as compensation. The undersigned has also considered and rejected the contention that petitioner’s remuneration for transcribing criminal proceedings constituted “fees paid to professional persons for special or particular services” within the meaning of the last sentence of subsection 121.021(22). In so doing, the undersigned deems irrelevant to a resolution of this question the issue of whether a court reporter is a “professional person”. This is because a court reporter is required by law to report and transcribe criminal proceedings, and it is illogical to characterize the transcribing of a criminal proceedings as a “special or particular service” while labeling the reporting of the identical proceeding as something else. Indeed, the statute does not contemplate such a distinction. The undersigned has also considered respondent’s contention that its interpretation of subsection 121.021(22) should be accorded great weight unless shown to be clearly erroneous. While admittedly this principle is well-settled in law, it has no application here where resorting to rules of statutory construction is unnecessary. Finally, the Division has argued that petitioner was not filling a regularly established position with the County while serving as the official court reporter. This contention is deemed to be unavailing since the evidence of record reflects that petitioner was a full-time employee of the County and filled a regularly established position within the meaning of rule 22B-6.001(49).
8. In summary, subsection 121.021(22) does not forbid the inclusion of both salary and fees set by statute in the calculation of a member’s retirement benefits. Accordingly, petitioner’s request should be granted and the Division should include within the calculation of her retirement benefits those fees received by her for transcribing criminal proceedings.
In the final order, the department rejected many of the hearing officer’s conclusions of law and in pertinent part concluded as follows:
(3) The fee payments that the Petitioner received from Gadsden County as described in Findings of Fact Numbers (5) and (6) did not constitute any monthly salary paid a member, and did not include any overtime payments paid from a salary fund, as reported by any employer on the wage and tax statement (Internal Revenue Service Form W-2) or any similar form. The fee payments in question would not, therefore, qualify as “compensation” under the first sentence of its definition in Section 121.021(22), Florida Statutes.
(4) It is the position of the Petitioner that the fee payments in question, having been set by statute, qualified such fees to be compensation under the above-quoted second sentence in the definition of “compensation” in Section 121.021(22), Florida Statutes. This position of the Petitioner is untenable because under Rule 2.070, Florida Rules of Judicial Administration, the fees in question to be charged by court reporters are to be set in each circuit by administrative order, and, in the absence of such order, as provided by law. The setting of such fees and the authorization to charge same are derived from said judicial Rule 2.070, and not under Chapter 29, Florida Statutes. The fee schedule set forth in Chapter 29, Florida Statutes, derives its legal efficacy not from its legislative enactment, but from judicial approval *322 in said Rule 2.070 in the event that a local circuit administrative order setting such fees has not been entered.
(5) As set forth in Finding of Fact Number (7), in administering both the State and County Officers and Employees Retirement System (SCOERS) and the Florida Retirement System (FRS), the Respondent has included as either “salary” or “compensation” for retirement purposes in either system, fees set by statute only where such fees have been the sole source of the “salary” or “compensation” of the officer or employee during any given period of time. In reaching such conclusion the Respondent has construed the relevant section of Chapters 121 (FRS) and 122 (SCOERS), Florida Statutes, as follows.
[[Image here]]
(13) Official Court Reporters are “professional persons” within the meaning of that term in the third sentence of Section 121.021(22), Florida Statutes_ The payments that the Petitioner received from Gadsden County enumerated on pages 4 through 8 of her Amended Petition were “fees paid a professional person for special or particular services.” These payments were for services rendered as an Official Court Reporter in transcribing testimony and closing arguments in criminal and grand-jury proceedings and furnishing typewritten transcripts of these proceedings upon oral or written order of the presiding Judge, or at the request of the State Attorney or Public Defender. These special or particular services involving the transcribing of proceedings and depositions are like the special or particular services of attorneys described at the end of a 1957 Opinion of the Attorney General of Florida (1957 Op.Att’y Gen.Fla. 057-109 (April 26, 1957)) quoted above on page 15. Such fee payments for special or particular services, therefore, did not constitute compensation within the meaning of that term in Section 121.021(22), Florida Statutes, which excludes same from its definition. As set forth in Findings of Fact Numbers (3) and (4), the Petitioner was given full credit for the salary payments that she received from the salary accounts of both the State of Florida and Gadsden County as reflected in her W-2’s in the calculation for her retirement benefits. None of her salary payments for services as an Official Court Reporter is included in any of the fee payments itemized on pages 4 through 8 of her Amended Petition.
We are asked to resolve issues concerning the treatment of the findings of fact and conclusions of law by the department in its final order. Appellant raises three issues in reference to the findings of fact adopted by the department in its final order. Each of these issues concerns the department’s rejection of appellant’s assertion that she was an employee of both the State of Florida and Gadsden County for the purposes of calculating retirement benefits. Appellant correctly asserts that if there is competent evidence to support the hearing officer’s factual findings, the agency may not reject these findings. § 120.57(l)(b)10, Fla.Stat. (1993). In addition, this court has previously held that under appropriate circumstances, an employee may have two employers for purposes of determining benefits under the Florida Retirement System. State Dep’t of Administration, Div. of Retirement v. University of Florida, 531 So.2d 377 (Fla. 1st DCA 1988).
We find merit in appellant’s position as to the factual issues concerning whether appellant was an employee of Gadsden County as well as the State of Florida. Appellant’s position is supported by the prehearing stipulation as well as the reasonable inferences which may be drawn from the documents attached to the stipulation. We do not find that this factual determination is dispositive, however. The real dispute between the parties is not a factual one, as evidenced by the extensive factual stipulation between the parties. The dispute concerns the legal interpretation of section 121.021(22), Florida Statutes, and rule 22B-6.001(16), Florida Administrative Code.
Section 121.021(22), Florida Statutes (1991), reads as follows:
“Compensation” means the monthly salary paid a member, including overtime payments paid from a salary fund, as reported by the employer on the wage and tax statement (Internal Revenue Service form *323 W-2) or any similar form. When a member’s compensation is derived from fees set by statute, compensation shall be the total cash remuneration received from such fees. Under no circumstances shall compensation include fees paid professional persons for special or particular services.
The compensation paid to court reporters is set out in sections 29.03-29.05, Florida Statutes. In pertinent part, these sections read as follows:
29.03. Compensation for services. — ... Such reporter shall receive for each typewritten transcript of his notes of the testimony and proceedings taken at the trial of any civil or criminal cause, and furnished on demand of either party to the suit for which the testimony and proceedings are taken, the amount of fifty cents per page for the original and the amount of twenty-five cents per page for each carbon copy thereof; and each such transcript page shall consist of not less than twenty-five lines of double-spaced pica typing. Such reporter shall receive the same fees as provided in this section when rendering similar service in criminal or other courts of this state. There shall be no more official circuit court reporters in each judicial circuit than there are circuit judges therein.
29.04 Salaries, expenses, etc., of official circuit court reporters.' — ■
(1)Each official circuit court reporter shall receive an annual salary of $5,400, unless otherwise provided for in the appropriations act, payable in 12 equal monthly installments by the Treasurer upon requisition of such court reporter. The reporter, when in attendance upon the trial of any cause in any county of his circuit, shall be reimbursed for travel expenses as provided in s. 112.061. The reporter shall at all times be subject to the call and order of the circuit judge to perform any service required by this chapter. No reporter shall report for more than one judicial circuit except in cases in which the reporter of a circuit is incapacitated.
(2) The provisions of this section and s. 29.03 shall not apply to the court reporter in Volusia County.
(3) The funds necessary to pay the cost of reporting in criminal proceedings shall be supplemented by the respective counties as necessary to provide competent reporters in such proceedings.
29.05 Transcripts in criminal cases.— Upon the demand of the state attorney, or the presiding judge in any criminal case, or the defendant within the time allowed for taking an appeal and for the purpose of taking an appeal in a criminal ease, such reporter shall furnish with reasonable diligence a typewritten transcript of the testimony and proceedings, together with the charges of the court, and shall receive therefor the same fees for such transcript as provided in s. 29.03, and the costs for same shall be taxed as costs in the case.
The Division of Retirement asserts that criminal transcription fees should not be utilized in determining average final compensation for a number of reasons, two of which are 1) “fees paid to professional persons for specialized or particular services are expressly excluded,” and 2) fees for transcription are not payments paid “from a salary fund, as reported by the employer on the wage and tax statement (Internal Revenue Service form W-2) or any similar form,” and these fees do not constitute compensation as defined in section 121.021(22), Florida Statutes.[2]
An agency is entitled to deference when interpreting statutes within its area of administration, especially those involving agency expertise or issues of public policy. Public Employees Relations Comm’n v. Dade County Police Benevolent Ass’n, 467 So.2d 987 (Fla.1985); 1800 Atlantic Developers v. Department of Environmental Regulation, 552 So.2d 946 (Fla. 1st DCA 1989), rev. denied, 562 So.2d 345 (Fla.1990).
Section 29.04, Florida Statutes (1991), provides for salary to be paid by the state and supplemented by the county for a court re *324 porter being present at criminal proceedings. Section 29.05, Florida Statutes (1991), provides for payment for transcriptions in criminal cases pursuant to section 29.08, Florida Statutes (1991), when requested by the court, the state attorney, or a criminal defendant. Unlike the hearing officer, we do not feel it would be illogical to treat the transcription fees differently than the attendance fees received by the reporter. The work of court reporters traditionally has been considered to involve a salaried position as well as payment for piecework. In re Amendments to Florida Rules of Judicial Administration, 595 So.2d 928 (Fla.1992).[3] The reporters are paid a salary for their attendance and reporting of the proceeding. The piecework part of the work (the transcription) is not part of the compensation arrangement with the state and county, but is rather professional services provided to other parties. Transcription is only provided upon request by the court, the state attorney, or criminal defendant upon request. The county’s obligation is to pay on behalf of the court, the state attorney, and indigent criminal defendant. Where a defendant is not indigent, however, the defendant pays the fee to the court reporter directly. Nor is this work additional duties for the same employer pursuant to rule 22B-1.004(4)(b), Florida Administrative Code. Payments are merely made on behalf of a third party for professional services. We are unable to say that the interpretation of the agency that these payments did not constitute compensation pursuant to section 121.021(22), Florida Statutes (1991), is improper. Further support for this position is evidenced by the fact that appellant’s payments to Internal Revenue Service were reported on forms 1099. A review of this form as well as the supporting instructional documentation reveals that payments reported pursuant to this section are not to be used when the payments made are wages paid from a salary fund.
We affirm the decision that the transcription fees collected by appellant in criminal cases do not constitute compensation for the purpose of calculating retirement benefits. In light of the lack of precedent as to this issue and the potential impact of this decision on a number of similarly situated individuals, we certify the following question to be of great public importance:
WHETHER TRANSCRIPTION FEES COLLECTED BY COURT REPORTERS IN CRIMINAL CASES CONSTITUTE COMPENSATION FOR THE PURPOSE OF CALCULATING RETIREMENT BENEFITS PURSUANT TO THE FLORIDA RETIREMENT SYSTEM?
BARFIELD and MICKLE, JJ., concur.

. Attached exhibits are not included in opinion. Where necessary, these items will be either referred to or quoted.

. In light of our disposition as to these two issues, it is unnecessary for us to discuss the other points raised by the Division of Retirement.

. Evidently, pilot programs exist in the first and twelfth circuits where certain court reporters are employed Ml time and provide transcripts as part of this salaried arrangement.