PER CURIAM.
We have for review Williams v. Department of Management Services, 647 So.2d 317 (Fla. 1st DCA 1994), wherein the district court certified:
Whether transcription fees collected by court reporters in criminal cases constitute *1283 compensation for the purpose of calculating retirement benefits pursuant to the Florida retirement system?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer in the negative and approve Williams.
Priscilla Williams was an official court reporter in the Second Judicial Circuit in Gadsden County (the county) for seventeen years and was paid a salary by both the state and county for attending and recording trials. Additionally, she was paid a fee by the county for furnishing typewritten transcripts of certain criminal proceedings. The salary income was reported annually on a W-2 form, while the transcription fees were reported separately on a 1099 form. When the Department of Management Services, Division of Retirement (the Department) advised Williams in 1991 that the income derived from her transcription duties did not constitute compensation for the purpose of calculating her state retirement benefits, she petitioned for a formal hearing.
The hearing officer found that the transcription fees paid by the county should have been included in the calculation of Williams’ retirement benefits. The Department, however, rejected this conclusion and ordered that the transcription income be excluded from retirement calculations. The district court affirmed, certifying the above question.
Williams argues that the provision of transcripts is a requirement imposed on court reporters by the state and county and that it is unreasonable for the Department to treat the reporting of trials differently from the transcribing of trial testimony. We disagree.
This Court has held that a reviewing court will defer to an agency’s interpretation of an operable statute as long as the agency’s interpretation is consistent with legislative intent and supported by competent substantial evidence. Public Employees Relations Comm’n v. Dade County Police Benevolent Ass’n, 467 So.2d 987 (Fla.1985). In other words, an agency’s interpretation will prevail unless clearly erroneous. Daniel v. Florida State Turnpike Auth., 213 So.2d 585 (Fla.1968).
Section 121.021, Florida Statutes (1991), defines “compensation” for retirement purposes and provides in part:
(22) “Compensation” means the monthly salary paid a member ... as reported by the employer on the wage and tax statement (Internal Revenue Service form W-2) or any similar form. When a member’s compensation is derived from fees set by statute, compensation shall be the total cash remuneration received from such fees. Under no circumstances shall compensation include fees paid professional persons for special or particular services.
§ 121.021(22), Fla. Stat. (1991).
Guidelines for court reporters’ compensation are contained in sections 29.03-29.05:
29.03 Compensation for services. — The official circuit court reporter shall be entitled to receive for each day or fraction of a day in which such reporter shall be engaged in reporting testimony and proceedings in any civil case not less than $10 a day, nor less than $10 in any one case, for each day or fraction of a day in which such reporter shall be engaged; and said reporter shall also, when ordered by either party in a criminal case or by the presiding judge report the arguments of counsel arguing the facts to the jury, and shall receive as compensation therefor not less than $10 for reporting each such argument. Such reporter shall receive for each typewritten transcript of his notes of the testimony and proceedings taken at the trial of any civil or criminal cause, and furnished on demand of either party to the suit for which the testimony and proceedings are taken, the amount of 50 cents per page for the original and the amount of 25 cents per page for each carbon copy thereof; and each such transcript page shall consist of not less than 25 lines of double-spaced pica typing. Such reporter shall receive the same fees as provided in this section when rendering similar service in criminal or other courts of this state....
29.04. Salaries, expenses, etc., of official circuit court reporters.—
(1) Each official circuit court reporter shall receive an annual salary of $5,400, unless otherwise provided for in the appro *1284 priations act, payable in 12 equal monthly installments by the Treasurer upon requisition of such court reporter....
[[Image here]]
(3) The funds necessary to pay the cost of reporting in criminal proceedings shall be supplemented by the respective counties as necessary to provide competent reporters in such proceedings.
29.05. Transcripts in criminal cases.— Upon the demand of the state attorney, or the presiding judge in any criminal case, or the defendant within the time allowed for taking an appeal and for the purpose of taking an appeal in a criminal case, such reporter shall furnish with reasonable diligence a typewritten transcript of the testimony and proceedings, together with the charges of the court, and shall receive therefor the same fees for such transcript as provided in s. 29.03, and the costs for same shall be taxed as costs in the case.
§§ 29.03-.05, Fla. Stat. (1991).
The district court in Williams summarized the effect of these statutes:
Section 29.04, Florida Statutes (1991), provides for salary to be paid by the state and supplemented by the county for a court reporter being present at criminal proceedings. Section 29.05, Florida Statutes (1991), provides for payment for transcriptions in criminal cases pursuant to section 29.03, Florida Statutes (1991), when requested by the court, the state attorney, or a criminal defendant. Unlike the hearing officer, we do not feel it would be illogical to treat the transcription fees differently than the attendance fees received by the reporter. The work of court reporters traditionally has been considered to involve a salaried position as well as payment for piecework. The reporters are paid a salary for their attendance and reporting of the proceeding. The piecework part of the work (the transcription) is not part of the compensation arrangement with the state and county, but is rather professional services provided to other parties.... The county’s obligation is to pay on behalf of the court, the state attorney, and indigent criminal defendant. Where a defendant is not indigent, however, the defendant pays the fee to the court reporter directly.
Williams, 647 So.2d at 323-24 (citation and footnote omitted). The district court concluded: “We are unable to say that the interpretation of the agency that these payments did not constitute compensation pursuant to section 121.021(22), Florida Statutes (1991), is improper.” Id. at 324.
We agree with the district court’s conclusion. The nature of the work involved in the present case — i.e., the transcribing of testimony in criminal proceedings — remains unchanged no matter who foots the bill. For retirement purposes, it is a mere fortuity that the county, rather than a private party, picks up the tab for the indigent defendant, and this in no way transforms the court reporter’s work from “piecework” into something else. The Department’s position is consistent and logical: “Piecework,” no matter who pays for it, falls outside the retirement system.
We answer the certified question in the negative and hold that transcription fees do not constitute compensation for the purpose of calculating court reporters’ state retirement benefits. We approve Williams on this issue.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.