SHAHOOD, J.
This is an appeal of an order denying appellant Medicaid benefits based on a finding that she has assets valued beyond the maximum established by law. The issue is whether the assets in appellant’s irrevocable trust are to be considered appellant’s assets for purposes of determining her eligibility for Medicaid benefits.
The Department of Children and Families (DCF) denied appellant’s request for benefits. That decision was affirmed by a hearing officer who concluded that because the assets of the trust are available to appellant, the trust meets the definition of a Medicaid Qualifying Trust (MQT), and the $105,858.72 in assets should be included in determining appellant’s eligibility. The conclusion was based on a finding that the following language in the trust document allowed the trustee, in her “uncontrolled discretion,” to lend money to the estate of the Grantor:
10. Transactions with Grantor’s Estate. The Trustee shall have the power to purchase property of any kind from the estate of the Grantor at the prices and upon the terms as the Trustee may in her sole discretion determine, and the power to lend money to such estate upon the terms and security as may seem to the Trustee advisable in her uncontrolled discretion, without liability for any loss resulting from any such purchase or loan.
The Medicaid program was established by 42 U.S.C. § 1396 as a cooperative program between federal and state governments to provide health care to the needy. Pursuant to the law, participating states must establish plans which conform to the requirements of the federal statute. See 42 U.S.C. § 1396. Florida’s Medicaid plan is enunciated in Title 65 of the Florida Administrative Code, Rule 65A-1.701.
Under the plan, a claimant is eligible for benefits if the total value of his assets does not exceed the maximum allowed in the statute. People who own greater assets have long used irrevocable trusts in order to shelter or divert those assets in order to qualify for Medicaid benefits without first depleting their life savings. See generally Thompson v. Dep’t of Children & Families, 835 So.2d 357, 359-60 (Fla. 5th DCA 2003) (“The practice of ‘Medicaid Estate Planning’, whereby ‘individuals shelter or divest their assets to qualify for Medicaid without first depleting their life savings,’ is a legal practice that involves utilization of *655 the complex rules of Medicaid eligibility, arguably comparable to the way one uses the Internal Revenue Code to his or her advantage in preparing taxes.”). As a result, the Medicaid statutes were revamped to discourage asset shuffling or the disposition of assets for less than market value. Id.
In considering a claimant’s assets held in trust, Congress has defined a “Medicaid Qualifying Trust,” whether revocable or irrevocable, as:
[A] trust, or similar legal device, established (other than by will) by an individual (or an individual’s spouse) under which the individual may be the beneficiary of all or part of the payments from the trust and the distribution of such payments is determined by one or more trustees who are permitted to exercise any discretion with respect to the distribution to the individual.
42 U.S.C. § 1396a(k)(2) (Law.Co-op.Supp. 1988).[1] If a trust is an MQT, the agency must determine whether any or all of the assets of a trust are available to the grant- or. 42 U.S.C. § 1396a(k)(l) (Law.Co-op. Supp.1988). “The maximum amount of payments permitted under the terms of the trust to be distributed to the grantor, assuming the full exercise of discretion by the trustee, is deemed to be available to the grantor and may be considered in assessing medicaid eligibility.” Hatcher v. Dep’t of Health & Rehabilitative Servs., 545 So.2d 400, 401-02 (Fla. 1st DCA 1989) (citing 42 U.S.C.S. § 1396a(k)(l) (Law.Coop.Supp.1988) (stating that the issue of whether trust principal is available to the grantor depends upon the amount of discretion vested in the trustee)).
In this case, the hearing officer determined that the corpus of the trust was available to appellant, thus disqualifying her from Medicaid benefits, because paragraph ten of the trust authorizes the trustee, in her sole discretion, to loan money to “the grantor’s estate.” Appellant contends that the word “estate” as used in the trust document applies to her property only at the time of her death. DCF and the hearing officer, on the other hand, interpret “estate” more broadly, taking it to mean all of the property appellant currently owns. See generally Barry v. Barry, 511 So.2d 649 (Fla. 4th DCA 1987) (in context of dissolution, “estate” used to refer to wife’s real and personal property).
The broader interpretation proposed by DCF is illogical in this context. See generally Daniel v. Fla. State Turnpike Auth., 213 So.2d 585 (Fla.1968) (holding that an agency’s interpretation of a statute or question of law over which the agency has responsibility is entitled to great weight and will control unless it is clearly erroneous). Terms such as “marital estate” and “bankrupt’s estate” are widely accepted descriptive terms, not readily analogous with “decedent’s estate.”
“A reviewing court will defer to an agency’s interpretation of an operable statute as long as the agency’s interpretation is consistent with legislative intent and supported by competent substantial evidence.” Williams v. Dep’t of Mgmt. Servs., Div. of Retirement, 678 So.2d 1282, 1283 (Fla.1996) (citation omitted). DCF is the agency charged with making Medicaid eligibility determinations. See § 409.902, Fla. Stat. (2002). In this case, the hearing officer’s and DCF’s interpretation of the trust doc *656 ument is inconsistent with the Medicaid laws and Congress’ intention in establishing them. Consequently, we reverse the final judgment denying appellant Medicaid benefits. We cannot say, based on the trust instrument in this case, that any of the trust corpus here is available to the grantor. See Pollak v. Dep’t of Health & Rehabilitative Servs., 579 So.2d 786 (Fla. 4th DCA1991).
REVERSED AND REMANDED.
STONE and HAZOURI, JJ., concur.

. This section was repealed and Medicaid Qualifying Trusts are now addressed in 42 U.S.C. § 1396p(d) (1993). The amended law states that trusts created before August 10, 1993 are to be analyzed for purposes of Medicaid eligibility as they were before the amendment. See Ramey v. Rizzuto, 72 F.Supp.2d 1202, 1212 (D.Colo.1999). The trust in this case was created on February 1993; therefore, the prior law applies.