HENDRY, Judge.
Appellants herein seek review of a denial by the circuit court of their petition for a writ of certiorari directed to the Florida Board of Pharmacy (“the Board”), appel- *699 lee herein. The appellants had sought review in the circuit court of an adverse decision rendered in a disciplinary proceeding before the Board for misbranding and repacking certain drugs.
The Board proceeding was styled: “REBBUR DRUGS, INC., D/b/a DON’S DRUGS * * * and officers of REB-BUR DRUGS.” The individual appellants, named as the officers of the corporation, contend there was: a jurisdictional defect, an illegal search and seizure and a lack of due process.
The facts are that in October, 1968, the Board issued a new permit to the corporation bearing the legend, “RENBUR DRUGS, INC.” In December, 1968, a different permit was issued to “REBBUR DRUGS, INC.” In May, 1969, an agent of the Board inspected the DON’S DRUGS premises and saw drugs misbrand-ed and improperly labeled, which he seized and which he listed on an inspection report. He gave a copy of the report to the appellants. A complaint and notice to show cause was issued by the Board on August 7, 1969; in September, 1969, after an evidentiary hearing a finding of “guilty” was made and the permit was revoked ; a request for rehearing was denied. The petition for writ of certiorari was then filed in the circuit court, and upon denial of the petition, an appeal was filed in this court.
We treat together the jurisdictional point and the question of the adequacy of the notice. We express the view that the Board possessed jurisdiction to enter its order against the permittee, the corporation.
The jurisdiction of the Board to revoke or suspend the permits of a retail drug establishment is found in § 465.22(1), Fla. Stat., F.S.A. Appellants state that the Board made a mistake in its order, dated September 12, 1969, which revoked the permit by naming “REBBUR DRUGS, INC.” instead of “RENBUR DRUGS, INC.” The name “REBBUR” in the complaint and order was apparently based upon the 1969 Board permit, which was in turn based upon the 1969 application for permit renewal filed by Terry Loy, an appellant herein, and another. From the record it affirmatively appears that the permittee was not mislead by misspelling. The per-mittee responded to the complaint, appeared before the Board and was represented by counsel; in fact, the permittee stipulated to all but one of the items issued in the complaint and notice to show cause were correct as to misbranding and improper labelling. We express the view that the rule stated in Florida Board of Pharmacy v. Levin, Fla.1966, 190 So.2d 768, concerning a statute which was erroneously referred to, governs a name which is incorrectly spelled, where such incorrect spelling by the Board is based upon an application containing the same spelling error submitted by the permittee. The Supreme Court in the Levin case, supra, at p. 770, stated.
“ * * * Technical niceties based upon obvious mistakes and misreferences, which do not mislead or result in manifest unfairness are not grounds under our authorities for overturning administrative determinations.”
Upon this authority we also express the view that proper notice under § 120.23, Fla.Stat., F.S.A., Florida’s Administrative Procedure Act, was given.
We note that the underlying disciplinary proceeding was not directed against the individuals named. In fact, at one point in the record the Board so stipulated. Cf. § 465.101, Fla.Stat., F.S.A.
Appellants next contend that an agent of the Board illegally seized certain evidence consisting of 73 pill bottles, so that the evidence should have been suppressed, based upon Camara v. Municipal Court (1967), 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 and See v. Seattle (1967), 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943. We express the view that there was *700 no illegal search and seizure and that the evidence was properly admitted. First, there was testimony in the record, although it was disputed, that Terry Loy, who was present when the agent inspected the premises, cooperated with the agent. That is, that the alleged search and seizure was not illegal but was conducted with the permission of Loy.
Appellant contends that the evidentiary hearing lacked due process of' law. "" We have considered the record, briefs, and oral arguments, and conclude that no reversible error has been demonstrated.
Therefore, for the foregoing reasons we express the view that the circuit court was correct in denying the petition for writ of certiorari to review as order of the Florida Board of Pharmacy revoking the permit to operate a retail drug establishment.
Affirmed.