BARKDULL, Judge
(dissenting).
I respectfully dissent from the action of the majority in this matter. This cause was instituted by an administrative proceeding before the Florida Board of Pharmacy to revoke the permit of appellant pharmacy to operate a retail drug store. The ultimate action of the Board, on September 12, 1969, was to revoke the permit. Thereafter, a timely petition for certiorari was filed in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, which petition was denied on September 1, 1970. An appeal was then prosecuted to this court and resulted in an opinion of affirmance dated June 15, *295 1971.[1] A timely petition for rehearing was filed, which was denied on July 13, 1971. See: Renbur Drugs, Inc. v. Florida Board of Pharmacy, Fla.App.1971, 249 So.2d 698. Thereafter, notwithstanding the fact that the appellee was notified that the appellants intended to file a petition for certiorari to the Supreme Court of Florida to review this court’s opinion and decision, officials of the State Agency picked up the permit and closed the appellants’ pharmacy. An emergency petition seeking a stay was filed in this court on July 19, 1971 and this was denied without prejudice to the appellants’ seeking relief in the Supreme Court of Florida. Thereafter, the appellants filed a petition for certiorari in the Supreme Court of Florida and sought a stay therein, which was denied. The instant motion for constitutional stay was then filed in this court.
The principal problem in this matter arises from a construction of a portion of Rule 4.5, subd. c(6), Florida Appellate Rules, 32 F.S.A., which reads as follows:
‡ ‡ ‡ :j«
“The petition for certiorari under this rule shall be filed in the Supreme Court within 30 days from the rendition of the order, decision or judgment of the district court of appeal. The petition shall set forth briefly and clearly the grounds for invoking jurisdiction of the Supreme Court and the facts relied upon for the issuance of the writ. Unless the district court shall otherwise direct for good cause shown after notice and hearing, a petition for certiorari filed in the Supreme Court within 15 days from the date of filing of the order, decision or judgment sought to be reviewed or within 15 days from the date of the disposition of a petition for rehearing shall automatically stay further proceedings in the district court and the trial court until the disposition of said petition by the Supreme Court; otherwise such petition for certiorari shall operate as a stay of such proceedings only upon the order of the Supreme Court or the Chief Justice after due notice to the adverse party.” [emphasis added]
* * * * * *
Pursuant to this rule, the appellants filed, on July 21, 1971, a petition in the Supreme Court within 15 days of the final decision of this court.
I think this court was correct in denying the original petition for stay filed July 19, 1971, because at that time the petition for certiorari had not been filed in the Supreme Court. And, I believe the Supreme Court was correct in denying the application for stay filed with the petition for certiorari in that court because, the petition having been filed within 15 days of the order denying rehearing in this court, the appropriate court to make such an application was in the district court subsequent to the filing of the petition.
It is my understanding that the majority construes the above-emphasized portion of the rule to mean that the stay automatically provided for if the petition is filed within 15 days shall only commence upon the date of the filing of the petition. I do not so construe the rule. To do so puts the litigants and their, counsel in a foot race to see whether the winner in the appellate court can proceed before the loser can file a petition in the Supreme Court. I think the only reasonable interpretation of the rule, once a petition for certiorari is filed within 15 days of the decision or order denying rehearing, is to return the matter to status quo as it existed immediately prior to the rendition of the decision in the District Court of Appeal. If a party, between the time of the date of the decision or order denying rehearing and the filing of a petition for certiorari [provided it is within 15 days thereof] takes any action based upon the district court’s opinion, he does so *296 subject to the provisions of the rule and any such acts are subject to being terminated by the automatic stay and the party acting under such circumstances should be required to return the proceedings to the status quo pending review by the Supreme Court of Florida of the petition for cer-tiorari. Compare Badami v. State, Fla.1959, 115 So.2d 412. Otherwise, in many instances, relief which might be accorded by the Supreme Court would become moot.
Therefore, I would entertain the motion for constitutional stay and enter an order returning these parties to the status quo that they occupied during the entire time of this litigation, pending a final review by the Supreme Court of Florida.

. Pursuant to the applicable provisions of § 120.31(3). Fla.Stat., F.S.A., a super-sedeas as of right was accorded the appellants and they have been operating the pharmacy during the entire pendency of these proceedings.