660 So.2d 282 (1995)
STATE of Florida, DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, Appellant/Cross-Appellee,
v.
Elaine C. JONES, Appellee/Cross-Appellant.
No. 94-721.
District Court of Appeal of Florida, First District.
May 22, 1995.
Order on Rehearing August 21, 1995.
Rehearing Denied October 3, 1995.
*283 Edward A. Dion, Gen. Counsel, Tallahassee, for appellant/cross-appellee.
Vernon T. Grizzard, Tallahassee, for appellee/cross-appellant.
BARFIELD, Judge.
In this appeal and cross-appeal of an order of the Public Employees Relations Commission (PERC), the Department of Labor and Employment Security (DLES) challenges PERC's determination that Elaine C. Jones' absence from employment at DLES from June 21, 1993, to July 7, 1993, did not constitute a separate offense occurrence for purposes of future discipline, and contends that PERC abused its discretion by awarding Jones full attorney fees. On cross-appeal, Jones contends that PERC erred in determining the issue was not, as stated by the hearing officer, whether her absences were excused under the Family and Medical Leave Act, 29 U.S.C. § 2601 (1993) (the FMLA or the Act). We find no basis for reversal on the issues raised on appeal. However, we reverse on the issue raised on cross-appeal, and remand the final order to PERC for determination of whether, under the provisions of the FMLA, Jones may be disciplined for her August 1993 absences, including whether the hearing officer correctly determined that Jones did not provide DLES with proper notice under the Act.
On March 23, 1993, Jones began treatment for clinical depression with Dr. Steele at the Tallahassee Pain and Stress Management Institute (the Institute). A July 13, 1993, letter from the Institute stated that Jones "has been suffering from severe depression for the past several weeks" and that she was being treated. Thereafter, the doctors determined that her depression was more serious than previously thought and prescribed anti-depressant medication. She continued weekly counseling sessions with Dr. Steele. On July 26, Jones presented DLES with a letter from the Institute stating that she appears to suffer from organically-based clinical depression. She requested that DLES provide her with a reasonable accommodation for her disability. The parties began negotiating the terms of an agreement, which DLES never executed, but which would have allowed her to keep her job if she continued her medication and counseling sessions, and continued to report to work. Jones was absent from work August 9 through August 13 and August 16 through August 18; she called into work before 8:30 AM each day to say she was ill. She was having a depressive episode and Dr. Steele was on vacation, but she finally saw Dr. Chlopan at the Institute on August 12. He increased her dosage of the anti-depressant and saw her again on August 17. She was not paid sick leave for the days she was absent.
Jones' prehearing statement asserted that her August 1993 absences were for medical reasons, that DLES was so informed each morning of her absence, that her dismissal was accomplished without the required notice and predetermination conference, and that her dismissal for excessive absences "is in violation of the accepted legal principle of reasonable accommodation and of the new federal Family and Medical Leave Act of 1993 (effective August 5, 1993)." The FMLA requires employers to allow eligible employees up to twelve workweeks leave (generally unpaid) in any twelve-month period for, inter alia, "a serious health condition" which involves "continuing treatment by a health care provider" and which makes the employee *284 unable to perform the essential functions of the job. At the evidentiary hearing, Dr. Steele testified to Jones' diagnosis, treatment, and prognosis. She characterized the clinical depression as a "serious health condition," but was optimistic about treatment and noted that Jones was motivated to work. She expressed her willingness to meet with DLES to further discuss Jones' condition.
In his recommended order, the hearing officer rejected Jones' contention that she was protected by the FMLA, finding that there was no evidence that she ever notified DLES that she was invoking the Act. In its final order, as to Jones' contention that her August absences were excused by the FMLA, PERC found that this was not the issue, noting that "excessive absence" is defined in the personnel manual, in pertinent part, as "[a]n attendance record of recurring absence, even though all or a majority of the absences were necessary and/or excused." Fla. Admin. Code R. 38A-15.001(15).
Under the FMLA and the federal regulations relating to it, the employer may choose to require the employee to use sick or annual leave, may require certification from the health care provider, may require a second/third medical opinion, and may temporarily transfer the employee to an alternative position with equivalent pay and benefits during a period of scheduled intermittent or reduced leave. However, it may not take away the employee's job or any employment benefits accrued prior to the date on which the leave commenced, and it may not "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this title." The employer may deny restoration of the employee's job only if this is necessary to "prevent substantial and grievous economic injury to the operations of the employer" and if the employee is so notified when that determination is made.
The employer is required to notify employees of their rights and responsibilities under the FMLA. When leave is sufficiently foreseeable based on planned medical treatment, the employee must provide the employer notice not less than thirty days before the leave is to begin. When the employee's need for leave, or its approximate timing, is not foreseeable, notice of the need for FMLA leave should be given "as soon as practicable under the facts and circumstances of the particular case" (usually within no more than 1-2 working days of the employee's learning of the need for leave, except in extraordinary circumstances). This notice does not require specific reference to the Act, only that the employer be notified of the need for and purpose of the leave. The FMLA does not supersede "any provision of State or local law that provides greater family or medical leave rights than the rights established under this Act." Employers covered by both the FMLA and applicable State law must comply with the provisions of both.
The record contains evidence that Jones is an eligible employee under the FMLA, that she has a "serious health condition" as defined by the Act, that her August 1993 absences occurred after the Act became effective, and that she called in sick each morning of her absence. These facts would seem to support a finding that the FMLA prevents her being disciplined for the August absences, but it would also appear that she might still be disciplined for her June-July 1993 absences, which occurred before the FMLA became effective. On remand, DLES should make these determinations, or should send the case back to the hearing officer for further evidentiary hearing and recommendation.

ON MOTIONS FOR CLARIFICATION AND REHEARING
BARFIELD, Judge.
In its motion for rehearing, the Public Employees Relations Commission (PERC) incorrectly asserts that this court's decision "could be used by parties in career service cases to argue that the Commission should interpret and apply federal wage and hour law, occupational health and safety law, federal civil rights law, federal handicap law, and other federal laws and regulations," areas of law "beyond the Commission's expertise and jurisdiction." A careful reading of the cases cited in support of its position, in which PERC dismissed appeals alleging racial discrimination, discrimination based on handicap, violation of the Americans with Disabilities Act, and workers' compensation disputes, indicates that in each of those cases, PERC was being asked to enforce federal law against an agency. Here, PERC *285 was being asked to rule on whether the hearing officer and DLES properly took judicial notice of (i.e., applied) federal law in determining whether appellee was properly dismissed by DLES for excessive absences. Appellee was not seeking a remedy from PERC for violation of federal law, only for recognition of the supremacy of federal law in the context of this case. The motion is DENIED.
Appellee's motion for clarification of this court's opinion, pointing out that the remand should be to PERC, not to the Department of Labor and Employment Security, is GRANTED, and this scrivener's error is hereby corrected.
Appellee's motion for rehearing or clarification on the denial of her motion for appellate attorney fees is DENIED. Her motion for appellate attorney fees cited no statutory authority for such an award. Section 447.208(3)(e), Florida Statutes, authorizes PERC to include in its order, inter alia, an amount to be paid by the administrative agency for reasonable attorney's fees incurred during the prosecution of an appeal against an agency in which the commission sustains the employee. This statute does not authorize appellate attorney fees when an appeal of PERC's decision is taken to a District Court of Appeal. To the extent that section 59.46, Florida Statutes, may be read in connection with section 447.208(3)(e) (which does not, strictly speaking, provide for "the payment of attorney's fees to the prevailing party," but only to an employee who prevails against an agency), appellee's motion for appellate attorney fees did not cite section 59.46, and was therefore insufficient.
KAHN, J., and SHIVERS, Senior Judge, concur.