BENTON, Judge.
Communications Workers of America, Local 3170(CWA), appeals a final order entered by a panel of the Public Employees Relations Commission (PERC) on appeal of a general counsel’s order (No. 96GC-074). At issue is PERC’s jurisdiction to consider unfair labor practice charges alleging that the City of Gainesville (City) failed to bargain in good faith in imposing restrictions alleged to infringe public employees’ rights under the Workers’ Compensation Law, and the state and federal constitutions. Concluding that PERC’s jurisdiction to hear unfair labor practice charges is not defeated because the practices complained of are alleged to violate statutory and constitutional provisions, we reverse and remand for further proceedings.
We break no new ground in deciding that PERC has jurisdiction over charges alleging unfair labor practices that violate section 447.501(1), Florida Statutes (1995), where the practices also allegedly violate other statutory or constitutional requirements.[1] PERC has itself previously approved a recommended order to the effect that “an employer violates its duty to bargain in good faith when, in the absence of an express agreement by the union, it legislatively imposes contract provisions which eliminate statutory and constitutional rights.” Prof'l Fire Fighters of Ocala, Local 2135 v. City of Ocala, 18 *168 FPER ¶ 23171, 310 (PERC 1992)(citing Palm Beach Junior College Board of Trustees v. United Faculty of Palm Beach Junior College, 475 So.2d 1221, 1227 (Fla.1985)).

Dispute Gives Rise To Charges PERC Dismisses

The present ease arises out of the City’s efforts to assure city personnel “drug-free workplaces.” Sections 440.101 and 440.102, Florida Statutes (1995), were enacted “to promote drug-free workplaces.” § 440.101(1), Fla. Stat. (1995). In order to implement a “drug-free workplace program,” public employers are directed to engage in collective bargaining with public employee unions to negotiate any necessary changes in terms and conditions of employment.[2]
When the City and CWA engaged in collective bargaining to that end, they reached an impasse. The parties then waived proceedings before a special master, and submitted their proposals for resolving the impasse to the Gainesville City Commission for resolution. On December 4, 1995, over CWA’s objection, the City Commission voted to accept the drug testing program advocated by City management, including proposals concerning random drug testing, notice (or lack thereof), and immediate dismissals.
In response to the City Commission’s decision, CWA filed unfair labor practice charges against the City, including No. CA-96-020, alleging that the City breached its duty to bargain in good faith, in violation of section 447.501(l)(a) and (c), Florida Statutes (1995), by imposing contract language which abrogated employees’ statutory rights under sections 440.101 and 440.102, Florida Statutes (1995); and, in No. CA-96-023, by imposing contract language that infringed on employees’ state and federal constitutional rights to due process, privacy, and equal protection, and to be free from unlawful searches and seizures.
PERC’s general counsel dismissed these charges, stating that “the power to consider and resolve constitutional issues is vested only in the courts,” citing Anderson v. International Brotherhood of Painters and Allied Trades, AFL-CIO, Local 1010, 6 FPER ¶ 11114 (1980), affd, 401 So.2d 824, 828 (Fla. 5th DCA 1981)(noting PERC’s “contention] that it had no jurisdiction” to determine the validity of an administrative rule). CWA appealed the general counsel’s decision to PERC, which affirmed the general counsel’s summary dismissal. PERC eschewed jurisdiction of unfair labor practice charges Nos. CA-96-020 and CA-96-023 on grounds that, in order to determine whether unfair labor practices had occurred, it would have to decide whether the City had violated rights conferred by the Workers’ Compensation Law, and whether the City had violated certain state and federal constitutional rights.

No Effort To Invalidate Statute

To consider CWA’s unfair labor practice charges, PERC did not need to adjudicate the constitutionality of any administrative rule, municipal ordinance, or statute. One of the unfair labor practice charges CWA has filed invokes chapter 440, Florida Statutes (1995), and depends on chapter 440’s validity for any viability it may have. Neither charge asks PERC to invalidate any portion of chapter 440 or to declare any other statutory provision unconstitutional.
PERC’s primary putative expertise pertains principally to chapter 447, Florida Statutes (1995), not to the Workers’ Compensation Law, chapter 440, Florida Statutes (1995), as such. Even so PERC must take chapter 440, Florida Statutes (1995), into account, if it is to decide CWA’s unfair labor *169 practice charge No. CA-96-020.[3] gy from federal law is instructive: An analo-
Although the [Federal Mine Safety and Health Review] Commission has no particular expertise in construing statutes other than the [Federal] Mine [Safety and Health] Act, we conclude that exclusive review before the Commission is appropriate since “agency expertise [could] be brought to bear on” the statutory questions presented here.
Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 214-15, 114 S.Ct. 771, 780, 127 L.Ed.2d 29 (1994). The “statutory questions” to which the Court adverted arose under the National Labor Relations Act, not under the Federal Mine Safety and Health Act in which the Commission had its primary putative expertise. But the Commission was not free to ignore the National Labor Relations Act, just as PERC cannot ignore the Workers’ Compensation Law here. See State, Department of Labor and Employment Security v. Jones, 660 So.2d 282 (Fla. 1st DCA 1995), review denied mem., 669 So.2d 251 (Fla.1996).
We have previously distinguished between remedying violations of statutory and constitutional rights, and recognizing that such rights exist in the course of applying another statute. Acknowledging that PERC is not a federal law enforcement agency, we held in Jones that PERC had to decide whether a federal statute had been violated in order properly to decide a career service case. On rehearing, we dismissed PERC’s protestations that the federal statute was “‘beyond the Commission’s expertise and jurisdiction.’ ” 660 So.2d at 285. We held that it was incumbent on PERC to see that “judicial notice of (i.e., application of]) federal law” was properly accomplished and that PERC was obligated to give “recognition of the supremacy of federal law in the context of this case.” Id. In relying on the Supremacy Clause, we made clear that PERC was no more free to ignore constitutional rights than it was at liberty to ignore statutory rights. Accord Palm Beach Junior College.

Administrative Adjudication Of Constitutional Issues

Charge No. CA-96-023 alleges that the terms and conditions the City unilaterally imposed violate CWA’s members’ constitutional rights and so constitute an unfair labor practice. The Legislature has assigned PERC the task of evaluating this contention, subject to judicial review. PERC’s obligation to decide whether or not to sustain unfair labor practice charges does not turn on whether the charges include claims that constitutional rights have been infringed. As was said in an analogous federal setting,
the constitutional issue does not require the agency to question its own statutory authority or to disregard any instructions Congress [here, the Legislature] has given it. Rather, the constitutional question is presented as part of the petitioners’ claim of entitlement to the statutory relief that the hearing board is authorized to grant them. And permitting the hearing board to address constitutional claims that arise in the course of the board’s performance of its statutory duties does not foreclose subsequent judicial review of those claims.
Riggin v. Office of Senate Fair Employment Practices, 61 F.3d 1563, 1569-1570 (Fed.Cir.1995), cert. denied, — U.S.-, 116 S.Ct. 773, 133 L.Ed.2d 726 (1996). PERC cannot shut its eyes to constitutional issues that arise in the course of administrative proceedings it conducts. Cf. Thunder Basin Coal, 510 U.S. at 214-15, 114 S.Ct. at 780 (Federal Mine Safety and Health Review Commission decides due process claims initially); N.L.R.B. v. Catholic Bishop of Chicago, 440 U.S. 490, 99 S.Ct. 1313, 59 L.Ed.2d 533 (1979)(N.L.R.B. overrules First Amendment objection to exercise of its statutory jurisdiction).
*170 Constitutional questions arise not infrequently in administrative adjudication. Administrative law judges and other agency adjudicators may be required, for example, to determine whether a witness has properly invoked the privilege against self-incrimination[4] guaranteed by both state and federal constitutions. See e.g., Florida Real Estate Comm’n v. Cossette (No. 77-219, DOAH, Sept. 29, 1977). See Note, The Authority of Administrative Agencies to Consider the Constitutionality of Statutes, 90 Har v. L.Rev. 1682, 1690 (1977)(“[P]ermitting agencies to consider constitutional limits on legislative enactments ... may curb agency excesses by focusing administrative attention on constitutional restrictions.”). PERC’s clear authority to decide whether unfair labor practices have occurred does not disappear when, in order to make the determination, it has to consider constitutional dictates.
The notion that the constitution stops at the boundary of an administrative agency’s jurisdiction does not bear scrutiny. In Patsy v. Board of Regents of Florida, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), the Court repudiated the old Fifth Circuit’s effort to make exhaustion of state administrative remedies a prerequisite to bringing suit in federal court for redress of deprivation of constitutional rights. But it was never doubted that such administrative remedies existed. Indeed, recent federal legislation requires prisoners challenging the conditions of their confinement on constitutional grounds under 42 U.S.C. § 1983 to exhaust administrative remedies before filing suit. Prison Litigation Reform Act of 1996, Title VII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub.L. No. 104-134, 110 Stat. 1321. See generally Williams v. Red Bank Bd. of Educ., 662 F.2d 1008, 1017 (3rd Cir.1981)(“[W]here the state [administrative] proceedings are adequate to vindicate federal claims ... the [federal] district court ... should abstain.”).
We are not unaware that our supreme court once pronounced sweepingly that an “administrative hearing officer lacks jurisdiction to consider constitutional issues.” Gulf Pines Mem’l Park, Inc. v. Oaklaum Mem’l Park, Inc., 361 So.2d 695, 699 (Fla.1978)(obiter dicta). In context, however, this and similar statements stand for a narrower proposition: The Administrative Procedure Act does not purport to confer authority on administrative law judges or other executive branch officers to invalidate statutes on constitutional or any other grounds. See Note, 90 Harv. L.Rev. at 1687-88.
Executive branch officers, like legislators and judges, are charged with upholding the constitutions under which they hold authority. A policeman on the beat does not usurp judicial prerogatives in deciding — in the first instance — that there is probable cause for a warrantless arrest or that a suspect may lawfully be questioned.
Although the courts ensure compliance with the Miranda requirements through the exclusionary rule, it is police officers who must actually decide whether or not they can question a suspect.
Davis v. United States, 512 U.S. 452, 461, 114 S.Ct. 2350, 2356, 129 L.Ed.2d 362 (1994). Administrative law judges not purporting to invalidate legislative enactments do not usurp judicial or legislative prerogatives by deciding — in the first instance — the constitutional issues that arise in eases properly before them. The same is true of PERC commissioners, who are, after all, “officers ... granted quasi-judicial power.” Art. V, § 1, Fla. Const. (1972).
In Palm Beach Junior College, our supreme court approved our opinion affirming PERC’s determination that a junior college had committed an unfair labor practice by bargaining to impasse over language that waived collective bargaining rights guaran *171 teed by article I, section 6, of the Florida Constitution and section 447.301, Florida Statutes (Supp.1980). The court determined that negotiations over a “zipper clause” should never have been taken to impasse, and that the parties should be returned to the status quo before impasse was declared. 475 So.2d at 1227.

Proceedings On Remand

Such relief may be in order here, if PERC determines that unfair labor practices have in fact occurred. In deference to PERC’s expertise in public labor law, however, we decline to reach the merits of CWA’s unfair labor practice charges, in the first instance.
We decide only that PERC has the jurisdiction, authority, and responsibility to decide the merits of CWA’s unfair labor practice charges Nos. CA-96-020 and CA-96-023; reverse PERC’s order on appeal of general counsel’s order (No. 96GC-074); and remand for further proceedings consistent with this opinion.
Reversed and remanded.
KAHN, J., concurs specially with opinion.
DAVIS, J., dissents with opinion.

. We intimate no view on the merits of the unfair labor practice charges that CWA has lodged. See Fraternal Order of Police, Miami Lodge 20 v. City of Miami, 609 So.2d 31 (Fla. 1992). *169 lie sector employers that operate under a collective bargaining agreement.
§ 440.102(13), Fla. Stat. (Supp.1996).

. Drug-free workplace program requirements are a mandatory topic of negotiation with certified collective bargaining agents.
(13) COLLECTIVE BARGAINING RIGHTS.-
(a) This section does not eliminate the bar-gainable rights as provided in the collective bargaining process if applicable.
(b) Drug-free workplace program requirements pursuant to this section shall be a mandatory topic of negotiations with any certified collective bargaining agent for nonfederal pub-

. Of course, PERC lacks authority to award benefits to an employee under the workers’ compensation statutes, just as it lacked primaiy enforcement authority under the federal statute involved in State Department of Labor and Employment Security v. Jones, 660 So.2d 282 (Fla. 1st DCA 1995), review denied mem., 669 So.2d 251 (Fla.1996).

. Search and seizure questions have also arisen in the course of administrative proceedings. See One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965); Adams v. State, Prof'l Practices Council, 406 So.2d 1170 (Fla. 1st DCA 1981)(affirmmg agency’s reversal of hearing officer’s order suppressing evidence), review denied, 412 So.2d 463 (Fla. 1982); Renbur Drugs, Inc. v. Florida Bd. of Pharmacy, 249 So.2d 698 (Fla. 3d DCA 1971); Criminal Justice Standards & Training Comm’n v. Woodham (No. 88-4730, DOAH, Jan. 30, 1989); Division of Alcoholic Beverages & Tobacco v. Morgan, 2 FALR 1310A, 1311A (Department of Bus. Regulation, Sept. 10, 1980).