DAVIS, Judge,
dissenting.
Believing that PERC correctly determined that it lacked jurisdiction to determine whether the incorporation into the parties’ collective bargaining agreement of the City’s proposed drug testing program would violate constitutional or statutory rights of the employees, I respectfully dissent. The Communications Workers of America, Local 3170, filed four separate unfair labor practice charges against the City of Gainesville, and the City filed one such charge against the Union, all stemming from collective bargaining efforts in 1995. The disputed issue was the incorporation of a drug testing program in the collective bargaining agreement. After the Union and the City reached an impasse in negotiations on that issue, their proposals were submitted to the Gainesville City Commission for resolution. PERC found sufficient, and set for hearing, the City’s charge that the Union engaged in an unfair labor practice by refusing to submit the City Commission’s impasse resolution for a ratification vote by the Union membership. PERC also found sufficient, and set for hearing, Union charges that the City failed to maintain the appearance of propriety and neutrality during the legislative impasse hearing and that the City failed to bargain in good faith by imposing language which waived employees’ right to bargain the terms and conditions of employment. None of those charges are at issue in this appeal. The sole issue before this court is the propriety of PERC’s determination that it lacked jurisdiction to decide the issues raised in Union charges that the substantive provisions of the City’s drug testing program violate employees’ rights under the Florida Workers’ Compensation Act and state and federal constitutional rights of due process, privacy, equal protection and against unreasonable searches and seizures.
PERC was correct in determining that it lacked the authority to decide whether the specific provisions of the City of Gainesville’s legislatively imposed drug testing program would violate constitutional rights of employees. The cases cited in Judge Benton’s opinion do not support a holding that a Florida administrative agency may decide such constitutional questions. The issue in One 1958 Plymouth Sedan v. Commonwealth of Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965), was the applicability of the Fourth Amendment protection against unreasonable searches and seizures in a civil forfeiture proceeding. There was no administrative hearing, and the issue of the authority of administrative hearing officers to determine constitutional questions was neither raised nor addressed. The court in Renbur Drugs, Inc. v. Florida Bd. of Pharmacy, 249 So.2d 698 (Fla. 3d DCA 1971), never suggested that the appellants’ allegations of due process and search and seizure violations had even been raised in the administrative disciplinary proceeding. After the appellants’ permit was administratively revoked, appellants filed a petition for writ of certiorari in circuit court, in which the constitutional issues were raised. The circuit court denied the writ, and that decision was affirmed on appeal. The issue in Adams v. Florida Professional Practices Council, 406 So.2d 1170 (Fla. 1st DCA 1981), review denied mem., 412 So.2d 463 (Fla.1982), was whether certain evidence (seized in a warrantless search by a police officer who found marijuana in plain view while in hot pursuit of a vandalism suspect) was properly admitted in administrative proceedings in which appellants’ teaching certificates were revoked. The court did not hold that the administrative agency had the power to determine the constitutional issue, but rather, the court itself held that the evidence had been admitted properly. The three additional administrative cases cited by Judge Benton are not persuasive authority that administrative hearing officers can decide constitutional issues, or that the Florida Supreme Court’s statement in Gulf Pines Memorial Park, Inc. v. Oaklawn Memorial Park, Inc., 361 So.2d 695, 699 (Fla.1978), that an “administrative hearing officer lacks jurisdiction to consider constitutional issues,” should not be taken at face value.
*173 Judge Benton has cited Palm Beach Junior College Board of Trustees v. United Faculty of Palm Beach Junior College, 475 So.2d 1221 (Fla.1985), in support of the premise that PERC can, and must, consider constitutional issues in exercising its authority. In that case, the issue was whether the Board of Trustees had failed to bargain in good faith by insisting to impasse on the inclusion of language under which the employees would waive their rights to engage in collective bargaining in the future. The constitutional and statutory rights being addressed directly concerned the right to collectively bargain, which is PERC’s area of expertise. In the instant ease, PERC found sufficient and set for hearing the unfair labor practice charge that is most closely analogous to the issue in Palm Beach Junior College, specifically, that the City failed to bargain in good faith, and violated section 447.501(l)(a) and (c), Florida Statutes (1995), by imposing language which waived employees’ right to bargain the terms and conditions of employment.
Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 114 S.Ct. 771, 127 L.Ed.2d 29 (1994), relied upon by Judge Benton, is distinguishable. In that case, the Supreme Court concluded that “Petitioner’s statutory claims at root require interpretation of the parties’ rights and duties under ... the Mine Act and fall squarely within the Commission’s expertise.” Id. at 214, 114 S.Ct. at 779, 127 L.Ed.2d at 42. PERC’s expertise does not extend to the Workers’ Compensation Act. Further, the Thunder Basin Court acknowledged “that ‘[adjudication of the constitutionality of Congressional enactments has generally been thought beyond the jurisdiction of administrative agencies ... ’” Id. The issue in that ease was whether mine operators could file suit for an injunction in federal district court. The Mine Act provided that all claims were to be decided by the Commission with review by the Court of Appeals and that the district court had no jurisdiction (with two exceptions not relevant to the case). The Court held that the mine operators’ assertion of a constitutional due process claim did not justify ignoring the Act’s “comprehensive enforcement structure,” because “petitioner’s statutory and constitutional claims here can be meaningfully addressed in the court of appeals.” Id. at 215, 114 S.Ct. at 780, 127 L.Ed.2d at 43. As the court explained in Massieu v. Reno, 91 F.3d 416, 420, 424 (3d Cir.1996), the Thunder Basin decision was not based upon the authority of the administrative agency to decide constitutional issues. Rather, the Court’s ruling was based upon the fact that the United States Court of Appeals could provide judicial review of the constitutional claims. Therefore, the Massieu court applied Thunder Basin and held that the district court had erred in declaring a statute unconstitutional and granting Massieu, an alien, an injunction against deportation pursuant to that statute. Under the relevant statutory scheme Mas-sieu was required to exhaust his administrative remedies, even though “the immigration judge is not authorized to consider the constitutionality of the statute,” because the appellate court could provide adequate judicial review of the constitutional claim.
In Riggin v. Office of Senate Fair Employment Practices, 61 F.3d 1563 (Fed.Cir.1995), cert. denied mem., 116 S.Ct. 1773 (1996), the court held that the case presented an exception to “the general rule that administrative agencies do not have jurisdiction to decide the constitutionality of congressional enactments.” Id. at 1569. The reason given for that exception was that the statutory scheme in which Congress allocated adjudicative responsibility for the age discrimination claim involved in that case provided for an administrative proceeding reviewable by the federal appellate court, and expressly prohibited the initiation of proceedings in the federal district court. Id. at 1570. The court concluded that, if it was to review a constitutional issue, the administrative forum below had to have had the initial power to rule on the constitutional question. Id.
The Riggin decision conflicts with the Massieu interpretation of Thunder Basin. Moreover, the ruling in Riggin is distinguishable from established principles of Florida jurisprudence. In Florida, the administrative hearing officer has no power to resolve such constitutional questions; either the reviewing court may do so de novo in the appropriate case or the constitutional claim may be adjudicated in circuit court. See *174 generally Key Haven Associated Enterprises, Inc. v. Board of Trustees of the Internal Improvement Trust Fund, 427 So.2d 153 (Fla.1982). The resolution of the claim that the drug testing program instituted by the City violates employees’ rights to be free from unreasonable searches and seizures would necessarily embroil PERC in deciding the constitutionality of the underlying Drug Free Workplace provisions of the Florida Workers’ Compensation Act. PERC correctly dismissed the unfair labor practice charges at issue in this appeal because PERC could not decide whether an unfair labor practice had occurred by virtue of the City inserting the drug testing program language into the collective bargaining agreement without reaching substantive questions regarding the extent of the employees’ constitutional rights and whether those rights are violated by this program. The gravamen of these unfair labor practice charges is that the details of the City’s proposed drug free workplace program either (a) violate the Florida Workers’ Compensation Act, or (b) comply with that Act, but violate the employees’ constitutional rights because the provisions of the Act itself are unconstitutional. PERC would have to do more than “take chapter 440 ... into account,” ante at 168; the Commission would be forced to determine whether the City’s program comports with chapter 440, and, if so, whether the provisions of chapter 440 violate constitutional rights of these employees. As' conceded by Judge Benton, the resolution of this charge depends in significant part on the validity of the provisions of the Workers’ Compensation Act. Thus, the basic premise that “PERC need not adjudicate the constitutionality of any administrative rule, municipal ordinance, or statute,” ante at 168, is flawed.
Resolving such constitutional issues is clearly beyond the scope of administrative proceedings in Florida. Gulf Pines Memorial Park, Inc. v. Oaklawn Memorial Park, Inc., supra. Unlike the federal district court jurisdiction which was expressly limited by statute in Riggin, in Florida, “circuit courts have the power, in all circumstances, to consider constitutional issues.” Key Haven, 427 So.2d at 156-57. Moreover, when the parties are litigating other issues in an administrative forum which does not have the power to resolve constitutional questions, the “constitutional issues may be considered de novo by this court on appeal from an administrative proceeding.” Glendale Federal Savings and Loan Ass’n v. Florida Dep’t of Ins., 485 So.2d 1321, 1323 (Fla. 1st DCA), review denied mem., 494 So.2d 1150 (Fla.1986). In State Employees Attorneys Guild v. State of Florida, 653 So.2d 487 (Fla. 1st DCA 1995), this court held that PERC correctly dismissed a petition for certification of a bargaining agent because the agency did not have the power to determine the constitutionality of the statute excluding those persons employed by the state in their capacity as members of the Florida Bar from engaging in collective bargaining. This court was unable to resolve the constitutional question de novo because of the lack of a record to support either parties’ factual assertions; therefore, the dismissal was affirmed without prejudice to appellant’s right to seek a declaratory judgment in circuit court concerning the constitutionality of the statute.
PERC was also correct in determining that the charge asserting that the drug testing program would violate employees’ statutory workers’ compensation rights was beyond the agency’s jurisdiction. None of the members of the panel considering this case have disagreed with the fundamental premise that PERC lacks authority to determine an employee’s entitlement to workers’ compensation benefits. I respectfully submit that it is illogical to conclude that PERC can nonetheless somehow decide whether the provisions of this drug testing program violate employees’ rights to workers’ compensation benefits. PERC cannot resolve the charge made by the Union without deciding the extent of employees’ rights under the workers’ compensation statutes in order to discern whether any such rights would be adversely affected by the City’s drug testing program. The Union seeks to have PERC remedy the asserted violation of rights under the Workers’ Compensation Act by eliminating the allegedly offending parts of the drug testing program. As the case cited in footnote 3 of Judge Benton’s opinion establishes, PERC does not have the authority to do so. *175 See Florida Dep’t of Labor and Employment Security v. Jones, 660 So.2d 282, 284-85 (Fla. 1st DCA 1995), review denied mem., 669 So.2d 251 (Fla.1996).
Accordingly, I would affirm.