745 So.2d 487 (1999)
FLORIDA PUBLIC EMPLOYEES COUNCIL 79, AFSCME; Charles Leverson; Gerard Kineard; Bobby Jones; and Raymond Baker, for themselves and all others similarly situated, Appellants,
v.
DEPARTMENT OF CHILDREN AND FAMILIES and Jeb Bush, Appellees.
No. 98-4204.
District Court of Appeal of Florida, First District.
November 22, 1999.
*488 Ben R. Patterson of Patterson & Traynham, Tallahassee, for Appellants.
Gregory D. Venz, Assistant General Counsel, Department of Children and Families, Tallahassee; Michael Mattimore, Tallahassee; Cindy Home, Assistant General Counsel, Department of Management Services, Tallahassee, for Appellees.
JOANOS, J.
This is an appeal of a final order dismissing with prejudice appellants' amended complaint for declaratory and injunctive relief. Appellants sought a declaration that Chapter 435 of the Florida Statutes is unconstitutional as applied by the Department of Children and Families (Department) to incumbent Career Service employees. Alternatively, appellants sought a declaration that Chapter 435 does not authorize retroactive application of the employment screening provisions of Chapter 435 adopted by the Department. The circuit court concluded that adequate administrative channels exist to provide redress for the allegations of the amended complaint, making it improper for the court to entertain the action for declaratory and injunctive relief. We affirm in part and reverse in part.
The amended complaint alleges that each of the named plaintiffs/appellants has been employed by the Department in care giving positions since at least 1990.[1] Paragraph *489 16 of the amended complaint alleges that in the summer of 1997, the Department began implementing the employment screening provisions of Chapter 435, which provisions went into effect October 1, 1995. See Ch. 95-228, § 47, Laws of Fla. Section 435.03, Florida Statutes (1997), captioned "Level 1 screening standards," provides in part:
(1) All employees required by law to be screened shall be required to undergo background screening as a condition of employment and continued employment. For the purposes of this subsection, level 1 screenings shall include, but not be limited to, employment history checks and statewide criminal correspondence checks through the Florida Department of Law Enforcement, and may include local criminal records checks through local law enforcement agencies.
(2) Any person for whom employment screening is required by statute must not have been found guilty of, regardless of adjudication, or entered a plea of nolo contendere or guilty to, any offense prohibited under any of the following provisions of the Florida Statutes or under any similar statute of another jurisdiction:...
Subparagraphs (2)(a) through (cc) enumerate the proscribed statutory offenses for purposes of the Level 1 screening standards. The "Level 2 screening standards" are set forth in section 435.04, Florida Statutes (1997), which provides in part:
(1) All employees in positions designated by law as positions of trust or responsibility shall be required to undergo security background investigations as a condition of employment and continued employment. For the purposes of this subsection, security background investigations shall include, but not be limited to, employment history checks, fingerprinting for all purposes and checks in this subsection, statewide criminal and juvenile records checks through the Florida Department of Law Enforcement, and federal criminal records checks through the Federal Bureau of Investigation, and may include local criminal records checks through local law enforcement agencies.
(2) The security background investigations under this section must ensure that no persons subject to the provisions of this section have been found guilty of, regardless of adjudication, or entered a plea of nolo contendere or guilty to, any offense prohibited under any of the following provisions of the Florida Statutes or under any similar statute of another jurisdiction: ...
As with section 435.03, subparagraphs (2)(a) through (cc) enumerate the statutory offenses for the section 435.04 Level 2 screening standards.
Appellants' amended complaint alleged the Department decided that the Chapter 435 screening provisions "would be applied retroactively to all offenses committed at any time by its caretakers." The effect of the Department's decision was to disqualify all named plaintiffs/appellants from employment. With the exception of John Harris, the named plaintiffs/appellants were disqualified from employment on the basis of previous offenses for which adjudication of guilt had been withheld. In 1989, Harris pled no contest to possession of cocaine, and was adjudicated guilty of that offense. Harris successfully completed the one-year probationary period imposed for the adjudicated offense.
Count I of the amended complaint alleged impairment of contract, predicated upon appellants' reasonable expectation that, due to their status as Career Service *490 employees and their collective bargaining agreement, appellants would be dismissed only for just cause. Count II of the amended complaint alleged denial of due process, based on the Chapter 435 presumption that all persons identified as having entered a no contest or guilty plea to the list of offenses set forth in sections 435.03 and 435.04, Florida Statutes, is unfit to be employed as a caregiver to juveniles, to the disabled, or to the aged. Count III of the amended complaint alleged a denial of due process of law by the application of the provisions of Chapter 435 to offenses that predated the authority to apply the screening demanded by Chapter 435.[2] Count IV of the amended complaint alleged the Department's application of Chapter 435 to plaintiffs/appellants and to offenses committed prior to October 1, 1995, constituted an unauthorized extension of the authority granted by the statute and an imposition of an administrative penalty not authorized by law. Count V of the amended complaint alleged that Chapter 435 is a prohibited ex post facto law, in that the disqualification from employment demanded for pleas of guilty or no contest added a penalty to the respective offenses that was absent at the time plaintiffs/appellants committed any offense described in sections 435.03 or 435.04. Count VI of the amended complaint alleged that Chapter 435 amounts to a violation of the separation of powers doctrine.
Defendants/appellees filed a motion to dismiss the amended complaint, alleging, among other things, that appellants were pursuing or could have pursued administrative proceedings in which the issues presented in Counts I through VI could be fully litigated. Appellees further alleged that appellants appealed the adverse ruling of their rule challenge in connection with the employment screening provisions, but voluntarily dismissed their appeal, thereby avoiding the opportunity to have the issues presented in the complaint resolved by this court. Paragraph 13 of the motion to dismiss states:
(13) Each individual plaintiff has or had the opportunity to appeal their dismissal from employment to the Public Employees Relations Commission (PERC) in addition to the disqualification challenges pursuant to chapter 120, Florida Statutes. Any issues bearing on the employees' dismissal, including challenges to the constitutionality of chapter 435, are properly addressed by PERC, or on appeal by the appropriate district appellate court. Failure to exhaust the available avenues of administrative review precludes review by declaratory judgment action. All of the named plaintiffs either failed to avail themselves of the readily available administrative review, or are seeking to relitigate in the instant declaratory judgment action.
The circuit court granted the motion to dismiss, and entered an order dismissing the amended complaint with prejudice. In the dismissal order, the circuit court cited the supreme court's opinions in Key Haven Associated Enterprises, Inc. v. Board of Trustees of the Internal Improvement Trust Fund, 427 So.2d 153 (Fla.1982); Gulf Pines Memorial Park, Inc. v. Oaklawn Memorial Park, Inc., 361 So.2d 695 (Fla.1978), and this court's opinion in State ex rel. Department of General Services v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977), as support for the ruling.
A de novo standard usually is applied to review of an order dismissing a complaint with prejudice. However, considerable deference is accorded a trial court's order of dismissal of a complaint seeking a declaratory judgment. In such cases, the standard is whether the trial court abused its discretion. See Abruzzo v. Haller, 603 So.2d 1338, 1339 (Fla. 1st DCA 1992).
*491 "[A]s a matter of judicial policy, `the circuit court should refrain from entertaining declaratory suits except in the most extraordinary cases, where the party seeking to bypass usual administrative channels can demonstrate that no adequate remedy remains available under Chapter 120.'" See Key Haven v. Board of Trustees of Internal Improvement Trust Fund, 427 So.2d 153, 157 (Fla.1982), quoting Gulf Pines Memorial Park, Inc. v. Oaklawn Memorial Park, Inc., 361 So.2d 695, 699 (Fla.1978). In Key Haven, the court explained that three types of constitutional challenges may be raised with regard to the administrative decision-making process of an executive agency. That is,
[a]n affected party may seek to challenge: (1) the facial constitutionality of a statute authorizing an agency action, (2) the facial constitutionality of an agency rule adopted to implement a constitutional provision or a statute, or (3) the unconstitutionality of the agency's action in implementing a constitutional statute or rule.
See 427 So.2d at 157.
If the statute at issue "is claimed to be facially unconstitutional, the circuit court may, in appropriate circumstances, entertain a declaratory action on the statute's validity." See id. The court explained that when the administrative proceedings could have no effect on the constitutional issue which is to be presented to the circuit court, it would be needlessly time-consuming and expensive to require an applicant to exhaust administrative proceedings. See id. The court further stated:
Since the facial constitutionality of a statute may not be decided in an administrative proceeding, Department of Revenue v. Young American Builders, 330 So.2d 864 (Fla. 1st DCA 1976), this type of constitutional issue could not, absent recourse to the circuit courts, be addressed until the administrative process is concluded and the claim is before a district court of appeal on direct review of the agency action.
We agree ... that the aggrieved party could complete the administrative process and then challenge the statute's facial constitutionality in the district court on the direct review to which the party is entitled under section 120.68. ... We note, however, that once a party chooses one or the other alternative, he is foreclosed from proceeding with the alternative remedy.
See Key Haven, 427 So.2d at 157. See also Florida Marine Fisheries Commission v. Pringle, 736 So.2d 17, 22, n. 4 (Fla. 1st DCA 1999); Communications Workers v. Gainesville, 697 So.2d 167, 170 (Fla. 1st DCA 1997)("The Administrative Procedure Act does not purport to confer authority on administrative law judges or other executive branch officers to invalidate statutes on constitutional or any other grounds."). While "[t]he facial constitutionality of a statute cannot be decided in an administrative proceeding," a party must exhaust available administrative remedies with respect to an as-applied constitutional challenge. See Chrysler v. Florida Department of Highway Safety, 720 So.2d 563, 567-568 (Fla. 1st DCA 1998).
We conclude that Count II of appellants' amended complaint alleges a facial challenge to the constitutionality of the employment screening provisions set forth in Chapter 435 of the Florida Statutes. The record before this court indicates that appellants commenced the administrative process, but the administrative process has not been completed with respect to any appellant. We are cognizant that certain language in Key Haven reasonably could be construed to mean that once a party commences administrative action, no other alternative is available. However, we believe Key Haven and its predecessor, Gulf Pines Memorial Park, read as a whole, preclude such a construction. In both cases, the supreme court expressed concern that it is pointless to require parties to endure the time and expense of full administrative proceedings which could have no effect on the dispositive constitutional issue. In accordance with the Key *492 Haven reasoning, appellants were entitled to present their constitutional question in a declaratory judgment action in circuit court despite having initiated, but not completed, the administrative process. See Key Haven, 427 So.2d at 157, citing Gulf Pines, 361 So.2d at 699. We conclude appellants ought not be forced to incur the expense of litigating the termination of their employment through the full administrative process, including pursuit of exemptions, to determine whether the statute is unconstitutional.[3][4]
Accordingly, we reverse that portion of the order as it pertains to Count II of the amended complaint, and remand for further proceedings concerning appellants' facial constitutional challenge. In all other respects, the circuit court's ruling is affirmed.
LAWRENCE and VAN NORTWICK, JJ., CONCUR.
NOTES
[1] The amended complaint alleged that Charles Leverson has been employed by the Department since 1979; Bobby Jones has been employed by the Department since 1990; John Harris has been employed by the Department since 1978; Gerard Kineard has been employed by the Department since 1988; Raymond Baker has been employed by the Department since 1990. The amended complaint further alleged that all plaintiffs/appellants were considered satisfactory employees.
[2] In addition to its designation of an effective date, the act includes a statement that the employment screening provisions were to apply prospectively. See Ch. 95-228, § 64, Laws of Fla. ("Except as otherwise provided herein, this act shall take effect October 1, 1995, and shall apply to offenses committed on or after that date.").
[3] Appellants also maintain that exhaustion of the administrative process would not afford them an adequate remedy. To illustrate, appellants allege the three disqualified employees who obtained exemptions and were eventually reemployed, were not reinstated in their former positions, and did not receive back pay or benefits.
[4] Appellants further contend that arbitration would not afford them an adequate remedy, because section 435.06(2) requires termination of employment of any personnel found to be in non-compliance with the screening provisions. Under appellants' collective bargaining agreement, the arbitrator may not ignore or modify existing statutes or applicable rules. Therefore, absent a determination that the statute is unconstitutional, arbitration could not afford relief from the mandatory termination of employment.