786 So.2d 677 (2001)
Ulysses GUEST, Appellant,
v.
DEPARTMENT OF JUVENILE JUSTICE, Appellee.
No. 1D00-3357.
District Court of Appeal of Florida, First District.
June 18, 2001.
Ben R. Patterson of Patterson & Traynham, Tallahassee, for Appellant.
William G. Nelson and John Milla, Assistant General Counsel, Tallahassee, for Appellee.
PER CURIAM.
Ulysses Guest, the appellant, challenges the facial constitutionality of Chapter 435, Florida Statutes. He also argues that the trial court erred in failing to determine the Chapter's constitutionality as applied to him. As the appellant's grievance remains pending, we decline to address the appellant's challenges to the statute's application. See Florida Public Employees Council 79, AFSCME v. Department of Children and Families, 745 So.2d 487 (Fla. 1st DCA 1999); Key Haven Associated Enter., Inc. v. Board of Trustees of Internal Improvement Trust Fund, 427 So.2d 153, 156 (Fla.1982) (holding that once appellant has exhausted administrative remedies, appellant may contest validity of agency action in state court system).
As to the facial constitutional challenge, we conclude that the appellant does not have standing. Florida Law chapter 95-228 created Chapter 435, Florida Statutes, on employment screening. In section 64 of the act, the legislature stated that "this act shall take effect October 1, 1995, and shall apply to offenses committed on or after that date." Ch. 95-228, § 64, at 2076, Laws of Fla. In as much as the appellant allegedly committed his offenses in 1985, the appellant does not have standing to raise any facial constitutionality issues concerning Chapter 435. Thus, we affirm the appealed order without reaching the merits of the facial constitutionality challenge. See Singletary v. State, 322 So.2d 551 (Fla.1975).
AFFIRMED.
BOOTH, BENTON and LEWIS, JJ., CONCUR.