PLEUS, J.
Sledge was disqualified from employment as a home health aide due to a 1992 conviction for importing cocaine. He filed this pro se appeal of a Department of Children and Family Services (DCFS) final order denying his request for an exemption under section 435.07, Florida Statutes. He argues that DCFS erred in rejecting the administrative law judge’s (ALJ) recommended order, which concluded that DCFS lacked jurisdiction to disqualify Sledge for a 1992 conviction under Chapter 435 because that statute became effective on October 1, 1995, and only applied to “offenses committed on or after that date.” We disagree and affirm.
The determinative issue in this appeal is whether a person may be disqualified from sensitive employment under Chapter 435 for convictions occurring before October 1,1995.
Section 400.512, Florida Statutes, requires all home health agency personnel to undergo “level 1” background screening pursuant to Chapter 435. Chapter 435 creates an administrative process for handling all background screening for employment required by law. § 435.01, Fla. Stat. (2002). Section 435.03, entitled, “Level 1 screening standards,” states in subsection (2)(cc):
*1191 Any person for whom employment screening is required by statute must not have been found guilty of, regardless of adjudication, or entered a plea of nolo contendere or guilty to, any offense prohibited under any of the following provisions of the Florida Statutes or under any similar statute of another jurisdiction:
(cc) Chapter 893, relating to drug abuse prevention and control, only if the offense was a felony or. if any other person involved in the offense was a minor.
Section 435.06(1) states:
When an employer or licensing agency has reasonable cause to believe that grounds exist for the denial or termination of employment of any employee as a result of background screening, it shall notify the employee in writing, stating the specific record which indicates noncompliance with the standards in this section. It shall be the responsibility of the affected employee to contest his or her disqualification or to request exemption from disqualification. The only basis for contesting the disqualification shall be proof of mistaken identity.
(Emphasis added). Section 435.06(2) requires the employer to either fire the disqualified employee or move him into a position for which background screening is not required.
Section 435.07 provides for exemptions from disqualification. It states, in- pertinent parts:
(1) The appropriate licensing agency may grant to any employee otherwise disqualified from employment an exemption from disqualification for:
(a) Felonies committed more than 3 years prior to the date of disqualification;
[[Image here]]
(3) In order for a licensing department to grant an exemption to any employee, the employee must demonstrate by clear and convincing evidence that the employee should not be disqualified from employment.' Employees seeking an exemption have the burden of setting forth sufficient evidence of rehabilitation, including, but not limited to, the circumstances surrounding the criminal incident for which an exemption is sought, the time period that has elapsed since the incident, the nature of the harm caused to the victim, and the history of the employee since the incident, or any other evidence or circumstances indicating that the employee will not present a danger if continued employment is allowed. The decision of the licensing department regarding an exemption may be contested through the hearing procedures set forth in chapter 120.
(Emphasis added).
Applicability of Chapter 435
It is undisputed that Sledge’s conviction for importing cocaine is a disqualifying offense under section 435.03(2)(cc). However, the ALJ concluded that Chapter 435 could not disqualify Sledge for a 1992 conviction because its enacting law, Chapter 95-228, section 64 of the Laws of Florida, stated that, “this act shall take effect October 1, 1995, and shall apply to offenses committed on or after that date.” In support of his conclusion, he cited to Guest v. Department of Juvenile Justice, 786 So.2d 677 (Fla. 1st DCA 2001), in which the appellant was apparently disqualified from employment for a 1985 conviction. He challenged the constitutionality of Chapter 435, but the appellate court declined to reach the merits of his challenge, stating:
As to the facial constitutional challenge, we conclude that the appellant does not *1192 have standing. Florida Law chapter 95-228 created Chapter 435, Florida Statutes, on employment screening. In section 64 of the act, the legislature stated that “this act shall take effect October 1, 1995, and shall apply to offenses committed on or after that date.” Ch. 95-228, s 64, at 2076, Laws of Fla. In as much as the appellant allegedly committed his offenses in 1985, the appellant does not have standing to raise any facial constitutionality issues concerning Chapter 435.

Id.

In its Final Order, DCFS rejected the ALJ’s conclusions of law, as it is authorized to do under section 120.57(l)ffl, Florida Statutes, which states, in pertinent part:
The agency in its final order may reject or modify the conclusions of law over which it has substantive jurisdiction and interpretation of administrative rules over which it has substantive jurisdiction. When rejecting or modifying such conclusion of law or interpretation of administrative rule, the agency must state with particularity its reasons for rejecting or modifying such conclusion of law or interpretation of administrative rule and must make a finding that its substituted conclusion of law or interpretation of administrative rule is as or more reasonable than that which was rejected or modified.
DCFS pointed out that Chapter 95-228, Laws of Florida, did more than create Chapter 435. It also created new crimes, including the offense of “luring or enticing a child” (section 787.025), and substantially amended Chapters 39, 400, 402 and 415 of the Florida Statutes. Given the breadth of Chapter 95-228, DCFS concluded that the enacting language, “shall apply to offenses committed on or after that date,” applied to the newly-created offenses, not the “pre-existing disqualifiers” related to employment screening. To conclude otherwise, it found, would lead to a “dangerous and absurd result.” In effect, under the ALJ’s interpretation, anyone with a disqualifying conviction occurring before October 1, 1995, could not be disqualified.
DCFS also noted that the ALJ’s interpretation resulted in internal inconsistency in the statute because one of the disqualify offenses listed was “prohibited acts of persons in familial authority” in violation of section 794.041, which was repealed in 1993. Thus, DCFS pondered, “How, then, could 794.041 ever be a disqualifying offense if it only applied to offenses committed on or after October 1, 1995?” Similarly, DCFS noted that section 435.04(3)(c), as amended in 2001, states in pertinent part:
The Department of Juvenile Justice may not remove a disqualification from employment or grant an exemption to any person who is disqualified under this section for any offense disposed of during the most recent 7-year period.
Both of these provisions would be nullified by the ALJ’s interpretation of the enacting language.
The final order also challenges the ALJ’s reliance on Guest, noting that if given the meaning the ALJ ascribes to it, Guest would conflict with two other cases. In both Heburn v. Department of Children and Families, 772 So.2d 561 (Fla. 1st DCA 2000) and Phillips v. Department of Juvenile Justice, 736 So.2d 118 (Fla. 4th DCA 1999), appellate courts affirmed final orders denying exemptions under Chapter 435 for offenses committed prior to October 1, 1995.[1] The ALJ’s interpretation of *1193 Guest would mean that Hebum and Phillips were not correctly decided.
In addition to the reasons for rejecting the ALJ’s interpretation given in the final order, DCFS’ arguments in its exceptions below and in its answer brief on appeal point out two other deficiencies in the ALJ’s interpretation of Chapter 435. First, if the ALJ’s conclusion that DCFS had no jurisdiction to act under Chapter 435 was correct, then the ALJ would not have jurisdiction either because his jurisdiction is also granted by Chapter 435. See § 435.07(3), Fla. Stat. Second, the ALJ erroneously concluded that “the agency bears the burden to prove the disqualifying offense.” This statement misstates the law established in Chapter 435. Disqualification occurs when an employer (not DCFS) has reasonable cause to believe that grounds for termination exist based on background screening. § 435.06(1). DCFS has no burden to prove disqualification. On the contrary, “It shall be the responsibility of the affected employee to contest his or her disqualification or to request an exemption from disqualification.” Even if DCFS did have some burden to prove disqualification, that burden surely would have been established when Sledge admitted he was convicted of the disqualifying offense.
It should also be noted that the ALJ made these errors sua sponte. Sledge never raised the issues of burden of proof or jurisdiction. In fact, he did not even contest his disqualification. He merely applied for an exemption, which is discretionary under section 435.07(1).
Finally, DCFS argues persuasively that even if the ALJ were correct that Chapter 435 only applied to disqualifying offenses committed on or after October 1, 1995, Sledge would still be disqualified from employment under an earlier statute. Section 400.491(2)(a)4, Florida Statutes (1991), would disqualify Sledge based on his 1992 conviction.[2]
For the above reasons, we find that DCFS’s interpretation was more reasonable than the ALJ’s interpretation. We defer to DCFS’s interpretation because it is not clearly erroneous. Williams v. Dep’t of Mgmt. Serv., Div. of Ret., 678 So.2d 1282 (Fla.1996).[3]
AFFIRMED.[4]
THOMPSON and PALMER, JJ., concur.

. In Hebum, the disqualifying offenses occurred in 1986 and 1991. In Phillips, the disqualifying offenses occurred in 1989 and 1993.

. That subsection states:
(a) Such minimum standards for screening shall ensure that ... home health agency personnel who, at any time, enter the home of a patient in the capacity of their employment have not been found guilty of, any of the following offenses:
(4) A felony violation of Chapter 893, relating to drug abuse prevention and control.

. Sledge also argues that the ALJ improperly admitted into evidence his criminal history record. This argument lacks merit because Sledge (1) failed to contest his disqualification below; (2) failed to object to the admission of this record below; and (3) admitted he was convicted of the disqualifying offense.

.We note that an interpretation of the statute was made explicit in Chapter 2003-57, section 17, Laws of Florida, which states:
Notwithstanding the provisions of section 64 of chapter 95-228, Laws of Florida, the provisions of chapter 435, Florida Statutes, as created therein and as subsequently amended, and any reference thereto, shall apply to all offenses regardless of the date on which offenses referenced in chapter *1194 435, Florida Statutes, were committed, unless specifically provided otherwise in a provision other than section 64 of chapter 95-228, Laws of Florida.